MOORE, Judge.
This is a final judgment in a dissolution of an off-again, on-again marriage. The parties were originally married in 1954 in Puerto Rico and divorced there in 1964, only to remarry approximately four months later.[1]
Although the appellant, husband, challenges all of the provisions of the final judgment, we are concerned only with those disposing of the marital home (and the swimming pool lien thereon) and rental property owned in Puerto Rico. The trial court awarded the wife exclusive ownership of the rental property in Puerto Rico and also awarded her, as lump sum alimony, the husband’s interest in the marital home which had been owned as tenants by the entireties.
We initially direct our attention to the award of the marital home as lump sum alimony. Absent some special equities requiring it or making it advisable, one spouse’s interest in the marital home should not be awarded as lump sum alimony. Yandell v. Yandell, 39 So.2d 554 (Fla.1949); Meridith v. Meridith, 366 So.2d 425 (Fla.1978) adopting the dissenting opinion in Meridith v. Meridith, 352 So.2d 72 (Fla. 4th DCA 1977). This is not to be confused with the special equity required for one spouse to acquire an interest in property accumulated during the marriage. Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976). An award of lump sum alimony also must be consistent with a finding of need on the part of one spouse and an ability of the other to comply with payment thereof, without suffering a devastating financial set-back. Reid v. Reid, 365 So.2d 1050 (Fla. 4th DCA 1978); Lee v. Lee, 365 So.2d 742 (Fla. 4th DCA 1978); see also McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977). The record below shows a couple with modest means who made the best of a military salary combined with that of a civil servant. They were able to accumulate a reasonable wealth, notwithstanding their marital difficulties, and unfortunately, their mutual efforts cannot continue in harmony. There is no evidence that one contributed to that accumulation more than the other such as to entitle that one to any special equitable consideration. After paying child support as ordered by the trial court, the husband’s weekly income approximates that of the wife. Because the court granted custody of a twelve year old son to the wife, he may well have considered granting her exclusive occupancy of the marital home until no longer deemed necessary. The record, however, does not support the award of lump sum alimony in any form. In this case, the trial court awarded the lump sum alimony in lieu of any periodic alimony.
We now consider the property located in Puerto Rico. This property was acquired in the wife’s name only during the first marriage between the parties. No reference to the property was contained in the Puerto Rican divorce decree. Thus, absent some provision of Puerto Rican law, on *530 which we make no comment, the parties commenced their second marriage with the wife owning said property individually. The husband now contends that the property was subject to the community property laws of Puerto Rico.[2] With that contention, he insists that he is entitled to a one-half interest. The trial court disagreed and awarded the wife sole and exclusive ownership of the property.
If the law of Puerto Rico on which we have indicated that we make no comment, provided that the parties were tenants in common with regard to community property, then the husband obtained a one-half interest in the subject property. In order to award that interest to the wife, the trial court necessarily would have had to do so on a theory of lump sum alimony or in connection with some special equity the wife may have had therein. We have already indicated that the record does not support an award of lump sum alimony in the instant case. Neither does it support the finding of a special equity. On the other hand, if the law of Puerto Rico considered the wife to be the sole owner of this property, there was nothing to adjudicate with regard thereto. The husband claimed a one-half interest in the property. He did not do so on the basis of special equity, nor did he prove a special equity in the property. There was, therefore, nothing from which to divest him.
As in Ball v. Ball, 335 So.2d 5 (Fla.1976), we commence with the premise that record title to the Puerto Rican property is in the wife. In the absence of any proof to warrant a variance from the record title, the better procedure would have been to leave the parties as that title appeared with respect to said property. If the husband does, in fact, have any remedy pursuant to the law of Puerto Rico, he is not without recourse in an appropriate forum.
Accordingly, the trial court erred in awarding the wife sole and exclusive ownership of the Puerto Rican property and granting her the husband’s interest in the marital home as lump sum alimony. We therefore reverse and remand with directions to: (a) adjudicate the parties to be tenants in common with respect to the marital home; (b) consider awarding the appel-lee exclusive use and occupancy of the marital home until further order of the court; (c) eliminate from the final judgment any adjudication regarding the Puerto Rican property; (d) make such other judgments as may be equitable for payment of liens for improvements, mortgages, insurance, taxes and maintenance of the marital home; and (e) reconsider the wife’s prayer for rehabilitative or permanent periodic alimony in lieu of lump sum alimony, if he considers the equities of the cause require it.
REVERSED AND REMANDED.
CROSS and DAUKSCH, JJ., concur.

. Although the complaint in this case was fill dismissed in 1971. d in 1976, another one was apparently filed and

. The first such contention below was set forth in a motion for rehearing. It was not raised during the trial. It was therefore untimely.