477 So.2d 67 (1985)
Richard A. POTTER, Appellant,
v.
June W. POTTER, Appellee.
No. BC-327.
District Court of Appeal of Florida, First District.
October 30, 1985.
T.A. Leonard of Lindsay, Andrews & Leonard, Milton, for appellant.
T. Sol Johnson and Warren R. Ross of Johnson, Green & Locklin, Milton, for appellee.
WENTWORTH, Judge.
Appellant seeks review of a dissolution order by which appellee was awarded permanent periodic alimony, the amount to be *68 determined by a flexible formula based on the parties' respective incomes. We find that the formula used by the trial court does not conform to the proper standard for alimony based on need and ability to pay. We therefore reverse the order and remand for reconsideration.
The order provides:
Respondent is hereby awarded permanent periodic alimony in an amount equal to one-third (1/3) of the Petitioner's pre-tax, net earned income, reduced by one-third (1/3) of the Respondent's pre-tax net earned income. Such alimony shall abate for such period of time that the Respondent's income exceeds two-thirds (2/3) of the Petitioner's income. The alimony shall be adjusted quarterly unless changed upon application. Both parties shall furnish the other within ten (10) days following the end of each quarter period a sworn statement indicating their pre-tax net earned income for the prior quarterly period. The permanent periodic alimony for the first July 1, 1984, period is hereby fixed by the Court, based upon the Petitioner's income of $38,400.00 per year and the Respondent's income of $3,240.00 per year, at $976.67 per month. The first said payment shall be due May 1, 1984, with a like payment on the first of each month thereafter, except as modified from time to time as formerly provided herein.
The two primary considerations in determining permanent periodic alimony are the "needs of one spouse for the funds and the ability of the other spouse to provide the necessary funds," to maintain the marital standard of living for each when possible. Canakaris v. Canakaris, 382 So.2d 1197, 1201, 1202 (Fla. 1980). The criteria to be used in establishing an amount of alimony include the parties' earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during its course, and the value of the parties' estates. Id.
The formula applied in this case would result in alimony being adjusted quarterly by an indefinite amount, which would have no necessary relationship with many of the then existing relevant circumstances. Since change in one or both of the parties' incomes would be only one of the potential factors affecting actual need and ability to pay alimony under our law, supra, we conclude that the fixed formula in question improperly alters the burden of proof with respect to future modifications. The effort to avoid judicial intervention is, of course, commendable, and the difficulty in achieving that end by a binding order should not deter the parties' voluntary effort to apply the formula in question, or some comparable measurement of their relative positions, in adapting to such changes as may occur following any final order.
Appellant, in addition to challenging the alimony formula, also argues that the trial court abused its discretion in granting appellee a special equity in her real estate business. Appellant testified that he spent considerable time and money establishing and improving the real estate office during the marriage. We find no abuse of discretion by the trial court in its findings on this issue.
The order is accordingly reversed and the cause remanded for a reconsideration of alimony based on the cited criteria.
ERVIN and ZEHMER, JJ., concur.