501 So.2d 165 (1987)
Mark J. SAFFERSTONE, Appellant,
v.
Linda SAFFERSTONE, Appellee.
No. 86-854.
District Court of Appeal of Florida, Third District.
January 27, 1987.
Blumenfeld & Cohen, Coral Gables, for appellant.
Broad & Cassell, Miami, for appellee.
Before HUBBART, NESBITT and JORGENSON, JJ.
PER CURIAM.
Mark J. Safferstone appeals a final judgment of marriage dissolution and raises four points on appeal. As to two of these points, we conclude that no abuse of discretion is shown in the trial court awards of (a) rehabilitation alimony of $150.00 a week for eight years, and (b) attorney's fees  although we think these awards represent the outer limits of the trial court's discretion in this case, given the limited financial circumstances of Mr. Safferstone and the $600 a month total child support award which he must pay *166 under the final judgment for the parties' three minor children. See Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1980); Wilds v. Wilds, 399 So.2d 1038 (Fla.3d DCA 1981); Dominik v. Dominik, 390 So.2d 81, 83 (Fla. 3d DCA 1980).
The remaining two points on appeal, however, have merit. Given (a) the generous nature of the awards which Mr. Safferstone must pay under the final judgment, (b) the otherwise limited financial circumstances of Mr. Safferstone, (c) the potential earning capacity of Linda Safferstone, the former wife, after eight years of rehabilitative alimony, and (d) the fact that the marital home is the only real asset of the parties, we conclude that it was an abuse of discretion for the trial court to award Mr. Safferstone's one-half interest in the marital home to Linda Safferstone as lump sum alimony. The trial court may, however, upon remand award exclusive possession of the marital home to Linda Safferstone for the minority of the parties' three children. See Gorman v. Gorman, 400 So.2d 75, 79 (Fla. 5th DCA 1981); Saldana v. Saldana, 372 So.2d 528, 529-30 (Fla. 4th DCA 1979); Simpson v. Simpson, 372 So.2d 526, 527 (Fla. 4th DCA 1979).
Beyond that, we can find no justifiable basis in this record for denying shared parental responsibility for the parties' three minor children as there was no showing made below that such shared responsibility would be detrimental to the children. § 61.13(2)(b)(2), Fla. Stat. (1985). The trial court may, however, upon remand make Linda Safferstone the primary residential custodian. See Rhines v. Rhines, 483 So.2d 4, 6 (Fla. 2d DCA 1985), review denied and remanded, 488 So.2d 68 (Fla. 2d DCA 1986); Frey v. Wagner, 433 So.2d 60, 61 (Fla. 3d DCA 1983); Nichols v. Nichols, 432 So.2d 648, 648-49 (Fla. 1st DCA 1983).
Consistent with these views, we therefore (1) affirm the final judgment under review as to (a) the award of rehabilitative alimony and (b) attorney's fees; (2) reverse the final judgment under review as to (a) the lump sum alimony award, and (b) the sole parental responsibility award as to the three minor children; and (3) remand the cause to the trial court with directions to (a) award joint parental responsibility for the parties' three minor children, and (b) enter whatever order may seem just under the circumstances with respect to the marital home without divesting Mr. Safferstone of his one-half interest therein.
Affirmed in part; reversed in part and remanded.
HUBBART and JORGENSON, JJ., concur.
NESBITT, Judge (dissenting):
I respectfully dissent from the majority's decision to reverse the lump sum alimony award of the marital home to Mrs. Safferstone. In all other respects I concur. The trial court is vested with broad discretion to distribute the family assets and make appropriate awards in a dissolution of marriage proceeding. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Unless it can be said that "no reasonable man would take the view adopted by the trial court," the reviewing court must affirm the judgment. Canakaris, 382 So.2d at 1202. In light of Mr. Safferstone's present employment at St. Thomas University, his additional work at Miami-Dade Community College, and his demonstrated earning capacity, I cannot agree with the majority's reasoning that the trial court's judgment is excessively generous. Cf. Potter v. Potter, 477 So.2d 67 (Fla. 1st DCA 1985) (alimony award should be based upon parties' earning abilities, age, health, education, duration of marriage, standard of living and value of parties' estates); De Cenzo v. De Cenzo, 433 So.2d 1316 (Fla. 3d DCA 1983) (award of alimony should be based on husband's ability to pay and wife's needs in light of the standard of living during marriage); Kuntz v. Kuntz, 370 So.2d 1216 (Fla. 3d DCA 1979) (trial court may impute income to a spouse for failure to exert oneself to meet family obligations). Given the trial court's broad discretion, I do not believe that the trial court abused that discretion in awarding the marital home to *167 Mrs. Safferstone as lump sum alimony, especially since the evidence demonstrates that she contributed substantially to the marriage for a period of twelve years and to Mr. Safferstone's attainment of a Ph.D., gave up her career to raise the parties' children, and that Mr. Safferstone's level of education would enable him to achieve a much higher level of income. See Canakaris; Sokol v. Sokol, 441 So.2d 682 (Fla. 2d DCA 1983); see also Stelk v. Stelk, 442 So.2d 351 (Fla. 1st DCA 1983). Accordingly, I would affirm the judgment under review in all respects, except for the denial of shared parental responsibility for the reasons expressed by the majority.