721 So.2d 446 (1998)
Gary William HALL, Appellant/Cross-Appellee,
v.
Brenda J. HALL, Appellee/Cross-Appellant.
No. 98-739.
District Court of Appeal of Florida, First District.
December 4, 1998.
Stephen O. Parker, Jacksonville; Michael J. Korn of Korn & Zehmer, P.A., Jacksonville, for Appellant/Cross-Appellee.
Nancy N. Nowlis, Jacksonville, for Appellee/Cross-Appellant.
WEBSTER, J.
The former husband appeals, and the former wife cross-appeals, a final judgment of dissolution of marriage. The former husband complains that the trial court committed reversible error when it (1) ordered him to make alimony, child support, health and life insurance and private school tuition payments that exceeded his ability; (2) awarded his undivided one-half interest in the marital home to the former wife as lump sum alimony; (3) assigned incorrect values to certain marital property; (4) ordered him to "pay any reasonable and necessary ... medical, dental or optical expenses for the minor child not covered by insurance"; and (5) failed to clarify the designation of beneficiaries for the life insurance he was ordered to maintain to secure future payments of child support and alimony. The former wife complains that the trial court committed reversible error when it (1) awarded rehabilitative, rather than permanent periodic, alimony; and (2) failed to award her interest on a future payment to be made to her by the former husband. We conclude that the trial court abused its discretion when it failed to award permanent periodic alimony to the wife; that the award of rehabilitative alimony appears to be excessive; and that the respective beneficiaries of the life insurance that the former husband has been ordered to maintain to secure future alimony and child support awards should be identified. Accordingly, we reverse and remand for further proceedings.
The parties were married for approximately 24 years. Considering this and all other relevant factors as required by section 61.08, Florida Statutes (1995), we conclude that the trial court abused its discretion *447 when it awarded rehabilitative, rather than permanent periodic, alimony. See, e.g., Fontana v. Fontana, 617 So.2d 418 (Fla. 1st DCA 1993); Lanier v. Lanier, 594 So.2d 809 (Fla. 1st DCA 1992); Akers v. Akers, 582 So.2d 1212 (Fla. 1st DCA 1991). On remand, we direct the trial court to award the former wife permanent periodic alimony in a sum to be determined following such further proceedings as the trial court may deem necessary. We find ourselves unable merely to direct the trial court to convert the $2,500.00 per month in rehabilitative alimony awarded to permanent periodic alimony because the trial court has not favored us with findings intended to support that amount, and from our review of the record the amount seems excessive in light of the other financial obligations imposed upon the former husband. Because the trial court will be reconsidering the issue of alimony on remand, it will also be necessary for it to reexamine the other financial aspects of the final judgment, including the award of lump sum alimony and the equitable distribution scheme. See Hanrahan v. Hanrahan, 618 So.2d 779 (Fla. 1st DCA 1993).
The final judgment directs the former husband to "maintain the existing life insurance policy on his life naming the [former wife] as irrevocable beneficiary so long as he has an obligation of support to her or their minor daughter." In McGinley v. McGinley, 678 So.2d 922 (Fla. 1st DCA 1996), we held that such a provision constitutes reversible error. The former wife concedes as much. Accordingly, as in McGinley, we reverse and remand with directions that the trial court identify the beneficiaries for child support and for alimony purposes, respectively.
In summary, we reverse the award of rehabilitative alimony and remand with directions that the trial court award to the former wife permanent periodic alimony in a sum to be determined following such further proceedings as the trial court may deem necessary. The trial court shall also reexamine the other financial aspects of the final judgment, including the award of lump sum alimony and the equitable distribution scheme. This disposition moots all of the remaining issues raised except that challenging the designation of life insurance beneficiaries, as to which we reverse and remand with directions that the trial court separately identify the beneficiaries for purposes of securing future child support and future alimony.
REVERSED and REMANDED, with directions.
BARFIELD, C.J., and ALLEN, J., concur.