WEBSTER, J.
In these two consolidated appeals, we reverse the portion of the final judgment of dissolution of marriage that treats the Whisper Bay property as a marital asset. The parties agree that, contrary to the trial court’s finding, the husband never transferred title from himself to himself and the wife. Accordingly, no presumption arises that the property is a marital asset. § 61.075(5)(a)5, Fla. Stat. (1997). The undisputed evidence is that the Whisper Bay property was acquired by the husband before the marriage, and that it is a nonmarital asset. § 61.075(5)(b)l, Fla. Stat. (1997). However, based on the evidence, any “enhancement in value [or] appreciation of [the Whisper Bay property] resulting either from the efforts of either party during the marriage or from the contribution to or expenditure thereon of marital funds or other forms of marital assets” would be a marital asset. § 61.075(5)(a)2, Fla. Stat. (1997). Accordingly, on remand, the trial court is directed to treat the Whisper Bay property as a nonmarital asset, but any qualifying enhancement in value or appreciation of that property as a marital asset.
We affirm, without discussion, as to all remaining issues raised by the parties *1034 except that challenging the award of attorney’s fees, which is a non-appealable non-final order. E.g., Seymour v. Seymour, 661 So.2d 28 (Fla. 2d DCA 1994). However, we note that, because it appears that treating only any enhancement in value or appreciation of the Whisper Bay property as a marital asset will result in a grossly disproportionate distribution of the parties’ marital assets and liabilities (with the husband receiving roughly 75 percent of the net assets), it will be necessary on remand for the trial court to reexamine all other financial aspects of the final judgment, including the awards of lump sum alimony and attorney’s fees. See, e.g., Hall v. Hall, 721 So.2d 446 (Fla. 1st DCA 1998); Hanrahan v. Hanrahan, 618 So.2d 779 (Fla. 1st DCA 1998).
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
MINER and KAHN, JJ., concur.