786 So.2d 1270 (2001)
Nestor F. MANRIQUE, Appellant,
v.
Luz MANRIQUE, Appellee.
No. 4D00-3112.
District Court of Appeal of Florida, Fourth District.
June 20, 2001.
Nestor Fernando Manrique, Deerfield Beach, pro se.
Richard G. Bartmon of Law Offices of Bartmon & Bartmon, P.A., Boca Raton, for appellee.
PER CURIAM.
The major issue in this appeal is the award of the husband's interest in the marital home to the wife as lump sum alimony, even though it was the only substantial asset of the parties. Although we might not have made such an award if we were making the initial determination, see Bible v. Bible, 597 So.2d 359 (Fla. 3d DCA 1992), and Kuvin v. Kuvin, 442 So.2d 203 (Fla.1983), we cannot say that the trial court abused its discretion on this record. See Lopez v. Lopez, 438 So.2d 984 (Fla. 3d DCA 1983); Minniti v. Minniti, 445 So.2d 665 (Fla. 3d DCA 1984).
The wife in this case speaks little English. For ten years of the marriage she did not work outside of the home. Her earning ability is limited. The court imputed her net income at $825.92 per month. The couple's two minor children have always lived in the home; the court found that their removal from "the only home they have ever known" would cause them great "stress." The parties enjoyed an "extremely comfortable lifestyle" during the marriage. Finally, despite a modest income that never exceeded $30,000 per year, the husband fully paid for a $175,000 house in less than fifteen years and had recently purchased a Mazda Millenia with a $15,000 down payment. The court rejected the husband's claim that after the death of his father, he received $50,000 from the sale of land in Columbia as an inheritance. The trial court was influenced by the husband's unexplained ability to fund a lifestyle beyond his modest income with "extremely large sums of cash."
*1271 This case is distinguishable from cases reversing awards of marital homes as lump sum alimony. Unlike Suarez v. Suarez, 514 So.2d 428, 429 (Fla. 3d DCA 1987), the parties are not in "roughly equal financial situations." Nor does the award in this case "force the husband from his modest economic status to a state of relative impoverishment." Satanonchai v. Satanonchai, 522 So.2d 1030, 1031 (Fla. 3d DCA 1988). The husband did not own the home prior to the marriage and the wife requested the relief she received. Cf. Klinger v. Klinger, 570 So.2d 1042 (Fla. 3d DCA 1990) (reversing award of home as lump sum alimony where wife did not request such relief, husband owned home prior to marriage, $205,000 equity in home was sole asset of marriage aside from "meager" pension plan, and wife had sold her premarital home and used proceeds for "purposes unrelated to marriage").
Affirmed.
STONE, POLEN and GROSS, JJ., concur.