878 So.2d 430 (2004)
Joanne GARONE, Appellant,
v.
Martin James GOLLER, Appellee.
No. 3D03-1215.
District Court of Appeal of Florida, Third District.
July 7, 2004.
Greene, Smith & Associates and Cynthia L. Greene, Miami, for appellant.
Marks and West and Carolyn W. West, Miami; Deanna S. Shifrin, Miami, for appellee.
Before COPE, LEVY, and GREEN, JJ.
PER CURIAM.
Joanne Garone, the former wife, appeals from a trial court Order denying her Petition for Modification of Child Support.
The parties' Final Judgment of Dissolution of Marriage was entered on September 19, 1995, and awarded child support of $800.00 per month for the parties' two minor children. Former wife subsequently sought a modification of support, and an agreed Order was entered on December 8, 2000, increasing child support to $950.00 per month. The instant matter arises from the former wife's Petition for Modification of Support filed on October 23, 2002, which sought modification of child support for the parties' two minor children as a result of former husband's promotion and increase in salary.
After a hearing on the motion, the trial court found among other things, that Martin James Goller, the former husband, received a promotion with an increase in salary; that "former wife is remarried to an attorney and owns three rental properties (single family homes) of significant value, in addition to her current marital residence valued in the $300,000.00 range[;]" and that former wife testified that she earned approximately $15,000.00 per year. The court noted that the former wife's testimony concerning her professional and rental properties income and values were "vague and suspicious" which left the court "with no accurate means of determining her actual income." The court also noted that "former wife has remained underemployed and has been *431 less than credible in matters relating to her investment properties in an apparent attempt to prevent an increase in what would be her required participation under the child support guidelines were she to fully utilize her earning ability." Lastly, the court found that former wife failed to prove an increased need for additional support. Consequently, the trial court denied the former wife's motion for modification of support and reserved ruling on attorney fees. This appeal follows. We reverse and remand for specific findings.
The child support guidelines apply to petitions for modification and may provide the basis for finding a substantial change in circumstances. 61.30(1)(b), Fla. Stat. (2002); State Dept. of Revenue by and on Behalf of Young v. Sumblin, 675 So.2d 691, 692 (Fla. 1st DCA 1996); Pitts v. Pitts, 626 So.2d 278, 284 (Fla. 1st DCA 1993). Additionally, section 61.30(1)(a), Florida Statutes permits a court to deviate more than five percent from the presumptive guideline amount "upon a written finding, or a specific finding on the record, explaining why ordering payment of such guideline amount would be unjust or inappropriate." Niemann v. Anderson, 834 So.2d 319 (Fla. 5th DCA 2003). Thus, the guidelines amount is presumptively the amount the trier of fact shall order in a modification proceeding, and a substantial change in the paying parent's income is itself sufficient to constitute a change in circumstances warranting an increase in child support without a demonstration of increased need. Miller v. Schou, 616 So.2d 436 (Fla.1993); Sumblin, 675 So.2d at 692.
In the instant case, it is undisputed that the former husband received an increase in salary. Additionally, it is undisputed that the former wife earned approximately $15,000 from her law practice, in addition to some rental incomes. The court, however, found that former wife's testimony concerning her professional income as well as her rental properties income and values [was] vague and suspicious, and [left the court] with no accurate means of determining her actual income. Additionally, the court found that the former wife ... remained underemployed and has been less than credible in matters relating to her investment properties in an apparent attempt to prevent an increase in what would be her required participation under the child support guidelines were she to fully utilize her earning ability. Consequently, the court denied former wife's Motion for Modification of Support.
The Order, however, lacks any finding or indication that the court imputed income to the former wife. Section 61.30(2)(b), Florida Statutes, requires that the trial court impute income to an unemployed or underemployed parent "when such employment or underemployment is found to be voluntary on that parent's part." 61.30(2)(b), Fla. Stat. (2002). Thus, section 61.30 requires a finding that the parent is capable of earning more through the use of his or her best efforts. Brock v. Brock, 695 So.2d 744, 745 (Fla. 1st DCA 1997)(the decision to impute income to the paying parent must be supported by specific finding that the former spouse's underemployment was voluntary); Ritter v. Ritter, 690 So.2d 1372, 1374 (Fla. 2d DCA 1997); Gildea v. Gildea, 593 So.2d 1212, 1213 (Fla. 2d DCA 1992); Cushman v. Cushman, 585 So.2d 485, 486 (Fla. 2d DCA 1991). The trial court's finding that the parent is underemployed must be based on evidence presented at the hearing. In addition, if the trial court decides to impute income, it must consider the parent's "recent work history, occupational qualifications, and prevailing earnings level in the community." 61.30(2)(b), Fla. Stat. (2002); see also Cushman, 585 So.2d at 486.
*432 In State Department of Revenue by and on Behalf of Young v. Sumblin, the Court found that the denial of a request for modification of child support by a custodial parent, based upon a finding of underemployment of the custodial parent, was error. The Court held that the trial court should have determined whether it was appropriate to impute income to custodial parent. Id. at 692.
In the instant case, the trial court found that the former wife was underemployed, that she chose to continue to remain underemployed and that she had the ability to earn more income. However, the Record fails to show that the court imputed income to the former wife. Instead, it appears that the court simply denied the former wife's Petition for Modification of Support without considering the support guidelines as required by section 61.14, Florida Statutes. Accordingly, the Order on review must be reversed and remanded for the trial court to determine whether the Record supports imputing income to the former wife,[1] considering the parties Settlement Agreement which envisions that the former wife will work part-time during the childrens minority, and for a determination of the merits of modification pursuant to the support guidelines.
The court also found that while the former husbands salary did increase, the former wife failed to prove an increased need for the additional child support. This finding was clearly erroneous because an increase in the payers income is sufficient to satisfy the substantial change in circumstance standard contemplated by section 61.30(1)(b), Florida Statutes. Miller v. Schou, 616 So.2d at 438.
Reversed and remanded
NOTES
[1] We note that the former husband did not offer any testimony or evidence to suggest that former wife's testimony regarding her income was inaccurate. Berges v. Berges, 871 So.2d 919 (Fla. 3d DCA 2004); see also Wendel v. Wendel, 852 So.2d 277 (Fla. 2d DCA 2003). Additionally, we note that former husband had the power to subpoena former wife's financial records pursuant to Florida Rule of Civil Procedure 1.410.