890 So.2d 1148 (2004)
William R. RUSSELL, Jr., Appellant,
v.
Barbara A. RUSSELL, Appellee.
No. 4D03-551.
District Court of Appeal of Florida, Fourth District.
December 15, 2004.
Rehearing Denied December 15, 2004.
*1149 Terry Ellen Fixel of Fixel & LaRocco, Hollywood, and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellant.
Peter L. Gladstone of Gladstone & Weissman, P.A., Ft. Lauderdale, and Nancy W. Gregoire of Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, P.A., Ft. Lauderdale, for appellee.

SECOND CORRECTED OPINION
KLEIN, J.
We withdraw our opinion filed on October 27, 2004 and replace it with the following opinion.
This is an appeal from a dissolution judgment in which the husband asserts that the court erred in awarding the wife lump sum alimony in the form of the husband's interest in the marital home. We affirm.
Both parties, who were married in 1985, once worked for the wife's father. The husband left that employment in 1989 and currently earns around $350,000 a year as a business broker. The wife has remained with her father's company and earns about $95,000 a year.
During the marriage the wife's parents gave the wife and husband $20,000 each annually, a total of $560,000. At the time of the dissolution the family had been living in a $2.5 million dollar home paid for partially with a one-time gift of $450,000 from the wife's parents. Subtracting the mortgage on the home leaves a net equity of about $1.5 million dollars. The wife has borrowed about $700,000 from her parents to pay for living expenses and professional fees. In all, the couple had $2.4 million in assets after deducting liabilities.
The court adopted the equal marital distribution suggested by the husband's CPA under which, as to the home, each party was awarded one-half of the equity and responsible for one-half of the mortgage.
At the time they separated, the parties, who were married for fifteen years, had lived in the home for only one year, but by the time the judgment was entered they had been there four years. The court awarded the wife a reduced amount of permanent periodic alimony, $5,000 a month, and lump sum alimony of $625,000, to be paid from the husband's one-half interest in the equity in the home, which was about $750,000. The wife was required to assume the $953,000 mortgage. The court explained the lump sum award as follows:

*1150 Based on all of the foregoing factors, permanent periodic alimony is appropriate. Moreover, a lump sum alimony award would also be beneficial in providing stability for the Wife and minor children and maintaining the marital residence for the Wife and children. An award of lump sum alimony is appropriate to aid the Court not only for purposes of support, but also in order to achieve equitable distribution. Although the Court rejects the unequal distribution urged by the Wife, the Court does find, given the source of the parties' accumulation of wealth over the years having been derived from the Wife's parents, that it is appropriate to eliminate the Husband's interest in the marital residence so that the Wife and children may remain there. This will provide the parties with as clean a break as possible, and enable them to maintain a lifestyle that both parties can enjoy, and to maintain the most stability possible for the minor children. Should the Wife ultimately be required to sell the marital home at some point (i.e., in the event that the Wife's parents' financial assistance is insufficient or not forthcoming in the future) this award keeps a subsequent sale from being an issue between the parties at a later time.
The court also found that the husband was understating his income, which the husband claimed was $300,000 a year. As the court explained:
The husband has an excellent income at this time. It would appear that, if anything, his earnings are highly understated, even at over $300,000 per year. Moreover, based upon the sudden rise in the income of Kristina Sydor and her relationship to the Husband consistent with the Husband's drop in income or artificially reduced income, as well as the discovery difficulties of record and certain unusual, but not necessarily improper, accounting practices described in the evidence, the Court finds that the Husband's income should be set at $350,000.00 per year. Although the evidence suggests that the Husband's income may be higher than $350,000.00 based upon Ms. Sydor's commission level and other factors previously noted, the Court finds that the evidence is not strong enough for the Court to impute additional income to the Husband at this time. However, the totality of the circumstances and the evidence presented has been a factor considered by the Court in determining the Husband's ability to pay alimony (and child support) awards established herein.
The husband argues that the court erred in the lump sum alimony award pointing out that it left him with only one-fourth of the marital assets. He cites Jessee v. Jessee, 839 So.2d 842 (Fla. 3d DCA 2003), in which the court reversed the award of the marital home as lump sum alimony; however, that case is distinguishable. In Jessee the court grounded the award on the husband's attempt to avoid financial responsibility by intentionally losing his job. In reversing, the court pointed out that this fact had already been used to impute income and award periodic alimony and could not additionally support a lump sum award. That was not the basis of the award in this case.
Under section 61.08, Florida Statutes (2002) which governs both lump sum and periodic alimony, the court "shall consider all relevant economic factors," including the following, which we find particularly applicable: standard of living, financial resources of each party, contribution of each party to the marriage and any other factor necessary to do equity and justice.
We conclude that, under the unusual facts in this case, the award of lump sum *1151 alimony, combined with a substantially reduced periodic alimony award, was not an abuse of discretion. The court found that it was important for the wife and children to be able to remain in the house, that they would only be able to afford to do so with the continued generosity of the wife's parents, and that using lump sum as a substitute for a higher periodic alimony award would be the best way to accomplish that. In addition the court found that the husband was understating his income.
We find the remaining issues raised by the husband to be without merit. Affirmed.
GROSS, J., concurs.
WARNER, J., concurs specially with opinion.
WARNER, J., concurring specially.
I concur in the majority's opinion, however not all of its reasoning. The award of most of the husband's equity to the wife as lump sum alimony is really justified as an equitable distribution of property not as a substitute for support. While the trial court made somewhat conflicting statements, it is apparent to me that its reasoning is to achieve an equitable distribution of assets given the wife's parents' extensive contributions to the parties.
The property on which the marital home was built was purchased primarily with a $450,000 gift from the parents. The parties then obtained nearly a $1 million mortgage to build the house. The cost of the home and construction expenses was thus nearly $1.5 million. Since that time the house has increased in value to $2,500,000, but the expenses of the home, including the reduction of the mortgage over the period of the dissolution, was funded by the wife's parents as loans to the wife. If these are not paid back, they will reduce the wife's share of her parents' estate. The husband has thus contributed very little to the home.
In addition to funding the home, the parents also funded both parties' education, which permitted the husband to obtain his bachelor's degree. He subsequently obtained additional advanced degrees, which the wife's parents also helped pay for. These degrees significantly increased his earning ability.
Under the circumstances, there is justification that comports with logic and reason as to why the wife should receive the marital home as equitable distribution, making the parties' share of marital assets unequal. The equity in the marital property was due largely to the contributions by the wife's parents, much of which the wife has agreed to repay. The husband is repaid through their contribution to his education, which has increased his earning capacity.
Were the award justified simply as support, I would find it hard to affirm because a lump sum award is non-modifiable, even upon remarriage of the wife. See Hannon v. Hannon, 740 So.2d 1181, 1185 (Fla. 4th DCA 1999). There is no justification for lump sum alimony of the husband's equity in the home for support. The appropriate method of providing the stability of the home to the children would be to award exclusive use and possession of the home to the wife, which would not eliminate the husband's equity in the property. See Perez v. Perez, 882 So.2d 537, 29 Fla. L. Weekly D2114 (Fla. 3d DCA 2004).