914 So.2d 1042 (2005)
Marc BRESSLER, Appellant,
v.
Eve BRESSLER, Appellee.
No. 4D04-2127.
District Court of Appeal of Florida, Fourth District.
November 23, 2005.
Thomas F. Ryan of Thomas F. Ryan, P.A., Tequesta, for appellant.
Richard G. Bartmon of Law Offices of Bartmon & Bartmon, P.A., Boca Raton, for appellee.
WARNER, J.
The resolution of this appeal from a final judgment of dissolution is impeded by the fact that neither the final judgment nor the briefs are clear as to the values of the various assets of the parties or their ultimate distribution. We conclude on this confusing record and argument that the court's final judgment should be affirmed as to the amount the wife is required to repay on a loan, but we reverse in part on the requirement that the husband repay the wife for house repairs made after their separation. In all other respects, we affirm.
First, the husband contends that the wife is responsible for $6,430 as her portion of a loan from the husband's parents. The final judgment is not clear as to the extent of the wife's liability, but she concedes that she is liable for $6,430. Therefore, we affirm, interpreting the final judgment *1043 as requiring her to repay that amount to her former in-laws. As to the claim that interest is owed by the wife, the trial court did not include interest based upon disputed facts that the loan did not include interest. The trial court made no error in failing to award interest.
Second, although the wife was awarded the marital residence as lump sum alimony and equitable distribution, the trial court made the husband responsible for one-half of repairs made to the home after separation. Given the distribution made by the trial court, we conclude that this award was an abuse of discretion as these were not marital liabilities, and the husband retained no interest in the property. See § 61.075(6), Fla. Stat. (2002).
Finally, the husband complains that the trial court's decision to award the wife his interest in the marital residence is entirely inequitable. Because of the husband's dissipation of other assets during the marriage due to criminal charges against him, we do not conclude that the court abused its discretion in making this lopsided award. Williamson v. Williamson, 367 So.2d 1016 (Fla.1979). In particular, the award of the house compensated the wife for unpaid support, her share of dissipated assets, and her need for permanent alimony which the husband cannot now pay.
Affirmed in part; reversed in part.
GUNTHER and HAZOURI, JJ., concur.