937 So.2d 736 (2006)
Francisco "Frank" ROCA, III, Appellant,
v.
Julie A. ROCA, Francisco Roca, II and Hilda E. Roca, his Wife, Appellees.
No. 4D05-2617.
District Court of Appeal of Florida, Fourth District.
September 1, 2006.
*737 Diran V. Seropian of Edna L. Caruso, P.A., and James R. Rich of the Law Office of James R. Rich, P.A., West Palm Beach, for appellant.
Barbara J. Compiani and Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., and Melinda Penney Gamot of The Gamot *738 Law Firm, P.L., West Palm Beach, for appellee Julie A. Roca.
STEVENSON, C.J.
In this case, the former husband, Francisco Roca, III, appeals an order dissolving his nearly thirteen-year marriage to Julie A. Roca, challenging virtually every aspect of the order. We agree that errors in the order compel reversal of some aspects of the judgment.
The final judgment of dissolution equally divided the couple's interest in the former marital residence and characterized $275,000 in loans the husband had taken from a life-long friend and loans the wife had taken from her parents as non-marital liabilities. The lower court imputed $70,000 in annual income to the husband. Based on this imputed income, the court then awarded the wife $1,000 per month in permanent periodic alimony and ordered the husband to pay $1,463 per month in child support. Finally, the lower court ordered the husband to pay $13,175.55 of the wife's $19,175 in attorney's fees, citing need and ability to pay and litigation misconduct on the part of the husband.
We begin by addressing the husband's claim that the trial court erred in treating the $275,000 in loans he took from his friend as non-marital liabilities. The only place the husband specifically addressed the loans during the proceedings below was in his proposed final judgment and, there, he designated the loans as non-marital liabilities. The husband cannot now claim error in the trial court's treating the loans in the very manner he invited. See Cole v. Cole, 723 So.2d 925 (Fla. 3d DCA 1999) (refusing to consider appellate claim that proceeds from sale of home were non-marital where husband had conceded at trial that proceeds were marital); Harper ex rel. Daley v. Toler, 884 So.2d 1124, 1135 (Fla. 2d DCA 2004) ("[A] party may not ordinarily take one position in proceedings at the trial level and then take an inconsistent position on appeal.").
We next turn to the former husband's challenge to the imputation of some $70,000 in income. At the time of the dissolution, the husband was thirty-eight years of age with a degree in criminology. The evidence established that, prior to 2001, he had been employed as the administrator for the public defender's office and was earning $68,000 annually. Following the election, his employment was terminated. According to the husband, thereafter, he was to be hired by the sheriff's office in an administrative position, paying $75,000 annually, but the candidate lost the election. He then turned down an administrative position with the state attorney's office, which paid $40,000 annually. Instead, the husband became involved with two MRI businesses that folded. In late 2003/early 2004, the husband and a friend started Imaging Institute. Both the husband and his business partner testified they had not yet earned any salary or income. The company had, however, billed $243,000 and the husband expected to make money. In early 2004, the husband started a second business in which he held a fifty percent interest. The husband testified that, in the next year, he "hope[d] that at least I'll be making 50, 60-50, $40,000, somewhere in that neighborhood." In closing arguments, the husband's counsel represented to the court that the husband had no problem with imputed income in the amount of $50,000.
"[A] court may impute income where a party is willfully earning less and `the party has the capability to earn more by the use of his best efforts.'" Konsoulas v. Konsoulas, 904 So.2d 440, 444 (Fla. 4th DCA 2005) (quoting Hayden v. Hayden, 662 So.2d 713, 716 (Fla. 4th DCA *739 1995)). Income may only be imputed at a level "supported by the evidence of employment potential and probable earnings based on history, qualifications, and prevailing wages." Id. And, absent special circumstances, it is error to impute income in an amount higher than that ever earned. See, e.g., Tarnawski v. Tarnawski, 851 So.2d 239 (Fla. 4th DCA 2003).
The $70,000 imputed by the trial court simply is not supported by competent, substantial evidence. See, e.g., Schram v. Schram, 932 So.2d 245, 249-50 (Fla. 4th DCA 2005). The $68,000 the husband was earning at the time his position with the public defender's office was terminated was the product of working his way up from an investigator, earning $17,000 annually, to administrator. There was no evidence that an administrative position similar to that previously held by the husband (or some other job obtainable by the husband as a consequence of his criminology degree or other skills and experience) and paying $70,000 was available. See Woolf v. Woolf, 901 So.2d 905 (Fla. 4th DCA 2005). The husband's expectations and hopes regarding future income from his businesses will, likewise, not sustain the imputed $70,000. In reconsidering the amount of income to be imputed to the husband, the trial court may take additional testimony. We hold, however, that the trial court should set the floor for imputed income at $50,000  the amount invited by the husband during the dissolution proceedings. Cf. Harper, 884 So.2d at 1135.
Our decision regarding the imputed income requires reconsideration of the alimony, child support, and attorney's fees awards. Thus, we decline to further address the husband's challenge to the alimony award. With regard to child support, on remand, the husband is free to seek the mandatory reduction set forth in section 61.30(11)(b), Florida Statutes. We reject the husband's claim that his conduct during the litigation was insufficient to justify an award of fees to the wife under Rosen v. Rosen, 696 So.2d 697 (Fla.1997). We note, however, that if the trial court should again determine fees are appropriate under Rosen, the court must make findings identifying those fees associated with the misconduct. See Elliott v. Elliott, 867 So.2d 1198 (Fla. 5th DCA 2004); Wilkins v. Wilkins, 546 So.2d 44 (Fla. 4th DCA 1989); Gagnon v. Gagnon, 539 So.2d 1179 (Fla. 1st DCA 1989).
Affirmed in part, Reversed in part, and Remanded.
STONE and POLEN, JJ., concur.