958 So.2d 436 (2007)
Horacio A. RODRIGUEZ, Appellant,
v.
Maria Elena RODRIGUEZ, Appellee.
Nos. 3D05-2682, 3D05-2376.
District Court of Appeal of Florida, Third District.
May 2, 2007.
Rehearing Denied June 18, 2007.
Steven N. Abramowitz, for appellant.
James J. McNally, for appellee.
Before FLETCHER and LAGOA, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
We find no evidence to support the trial judge's determination fixing the husband's income at $80,000 per year, either under imputation of income principles, see Brown v. Cannady-Brown, 954 So.2d 1206 (Fla. 4th DCA 2007); Roca v. Roca, 937 So.2d 736 (Fla. 4th DCA 2006); Swain v. Swain, 932 So.2d 1214 (Fla. 1st DCA 2006); Garone v. Goller, 878 So.2d 430 (Fla. 3d DCA 2004); see also Woolf v. Woolf, 901 So.2d 905 (Fla. 4th DCA 2005), or as a conclusion that the husband was actually receiving that amount. See Narcis v. Narcis, 707 *437 So.2d 936 (Fla. 3d DCA 1998); see also Squindo v. Osuna-Squindo, 943 So.2d 232, 235 (Fla. 3d DCA 2006)("[T]he ability to request financial assistance from [the husband's] . . . family is an irrelevant justification for this alimony award."). The financial provisions of the final judgment of dissolution under review, including permanent periodic alimony, and the amount of child support,[1] both of which are directly dependent upon a proper determination of the husband's income, and the award of lump sum alimony,[2] which is indirectly so and is, in any case, intertwined with those determinations, are therefore vacated and the cause is remanded for reconsideration of the husband's income and of the awards which flow from that ruling.[3] See Roca, 937 So.2d at 739 ("decision regarding the imputed income requires reconsideration of the alimony [and] child support . . . awards"); Hall v. Hall, 721 So.2d 446, 447 (Fla. 1st DCA 1998)(remand for award of permanent periodic alimony renders it necessary for trial court to reexamine other financial aspects of final judgment including lump sum alimony and the equitable distribution scheme).
The portions of the judgment dissolving the marriage and granting primary residence of the parties' child to the mother and visitation to the father are affirmed.
Affirmed in part, vacated in part and remanded.
NOTES
[1] We do find that the husband is not entitled to a section 61.30(11)(b) credit because his counsel stipulated below that the agreed visitation amounted to less than the 146 overnights (40 percent) provided by the statute. Cf. Largaespada v. Largaespada, 920 So.2d 645 (Fla. 3d DCA 2005).
[2] The trial judge awarded the husband's interest in the marital home, the parties' only valuable asset, to the wife as lump sum alimony. The propriety of this award may be heavily impacted by the rulings after remand. (The husband's attorney himself suggested such an award below, on the supposition that there would be at most nominal periodic alimony.) Compare Rosario v. Rosario, 945 So.2d 629 (Fla. 4th DCA 2006)(reversing award of marital home), Perez v. Perez, 882 So.2d 537 (Fla. 3d DCA 2004)(same), Jessee v. Jessee, 839 So.2d 842 (Fla. 3d DCA 2003)(same), and Safferstone v. Safferstone, 501 So.2d 165 (Fla. 3d DCA 1987)(same), with Bressler v. Bressler, 914 So.2d 1042 (Fla. 4th DCA 2005)(upholding award of marital home), Russell v. Russell, 890 So.2d 1148 (Fla. 4th DCA 2004)(same), Manrique v. Manrique, 786 So.2d 1270 (Fla. 4th DCA 2001)(same), and Soll v. Soll, 560 So.2d 250 (Fla. 3d DCA 1990)(same).
[3] The court may take additional evidence, and may make such additional or different awards, including equitable distribution, if appropriate.