988 So.2d 125 (2008)
John Obadiah FRANKLIN, Appellant,
v.
Seretha C. FRANKLIN, Appellee.
No. 2D07-2637.
District Court of Appeal of Florida, Second District.
July 30, 2008.
Shelley Harrell Shelton, Winter Haven, for Appellant.
Mark A. Sessums and David F. Anderson of Frost Tamayo Sessums & Aranda, P.A., Bartow (withdrew after briefing); Mark A. Sessums of Sessums & Sessums, P.A., Lakeland (substituted as counsel of record) for Appellee.
SILBERMAN, Judge.
John Obadiah Franklin (the Husband) appeals a final judgment of dissolution of marriage and challenges the unequal equitable distribution in favor of Seretha C. Franklin (the Wife) and the denial of his claim for attorney's fees and costs.[1] We reverse as to the equitable distribution and remand for the trial court to make an equal distribution of the marital assets. We affirm without further discussion all other aspects of the final judgment.
The parties had a long-term marriage of thirty-seven years and have two adult children. The Wife has been employed as a teacher since 1981. Early in the marriage the Husband worked as a minister. He later took a variety of jobs. From approximately 1984 until 2005 the Husband worked as a self-employed handyman. *126 Most recently, he began a street ministry, working for donations.
In her petition for dissolution the Wife sought an unequal distribution of the marital assets "due to her extraordinary financial contributions to the marriage." The record reflects that the parties have two substantial assets: the marital home valued at $230,000 and a lot in Tennessee valued at $45,000. The parties purchased the marital home in 1988 and the lot in 2004, and the trial court found that there was no debt associated with either of these assets. It was undisputed that over the course of the thirty-seven-year marriage the Wife's parents gave the couple substantial cash gifts that assisted the parties with their living expenses and in purchasing real property. The Wife's parents also made other gifts to the parties, such as contributing cars to the marriage.
The parties had assets totaling $308,426 and liabilities of $1920. In fashioning its equitable distribution, the trial court awarded $215,036 (seventy percent) to the Wife and $91,470 (thirty percent) to the Husband. Much of the difference is based on the court awarding the Wife an increased interest in the value attributable to the marital home and the Tennessee lot. To support the unequal distribution, the trial court relied on section 61.075(1)(g), Florida Statutes (2005). In the final judgment the court stated as follows:
Pursuant to section 61.075(g) [sic] Florida Statutes, the Court finds that essentially all of the wealth that has been accumulated during the course of the marriage has been directly through the contribution of the wife's parents to the parties' [sic] as a married couple. The Court finds that this factor justifies an unequal distribution in the favor of the wife.
The court stated no other reasoning for the unequal distribution.
Section 61.075(1) provides that "in distributing the marital assets and liabilities between the parties, the court must begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors, including" the factors set forth in subsections (1)(a)(j) of the statute. See also Robertson v. Robertson, 593 So.2d 491, 493 (Fla.1991) ("Because equitable distribution is premised on the theory of an equal partnership in marriage, the court should begin this task on the premise that each spouse is entitled to receive an equal division."). "The court must provide a legally sufficient factual basis for its distribution in the final judgment." Harreld v. Harreld, 682 So.2d 635, 636 (Fla. 2d DCA 1996). An appellate court must reverse an unequal distribution if the trial court fails to make a specific finding of fact that justifies the unequal distribution. See Feger v. Feger, 850 So.2d 611, 615 (Fla. 2d DCA 2003). "The final distribution of marital assets, whether equal or unequal, must be supported by factual findings based on substantial competent evidence." Guida v. Guida, 870 So.2d 222, 224 (Fla. 2d DCA 2004); see also Smith v. Smith, 934 So.2d 636, 639 (Fla. 2d DCA 2006) (quoting Guida, 870 So.2d at 224).
Although the trial court found that the contributions by the Wife's parents justified an unequal distribution, the court relied on the following statutory factor: "The contribution of each spouse to the acquisition, enhancement, and production of income or the improvement of, or the incurring of liabilities to, both the marital assets and the nonmarital assets of the parties." § 61.075(1)(g) (emphasis added). The Husband argues that under the circumstances here, this factor is an insufficient legal basis to support the unequal distribution. The Wife contends that the *127 gifts from her parents to both her and the Husband should be considered as her own extraordinary contribution. She argues that these gifts were made by her parents due to their relationship with her.
The plain language of section 61.075(1)(g) states that the trial court must consider the contributions of each spouse. Notably, in denying the Husband's claim for alimony (which is now moot due to the husband's remarriage), the trial court made a specific finding that "[t]he contribution of each party to the marriage is essentially equivalent including the contribution of salary and efforts in raising the children."
During her testimony the Wife stated, "Well, there were many occasions when my parents would give us money." She acknowledged that her financial contribution to the marriage consisted of her earnings as a teacher. The trial court did not find and the record does not establish that the gifts from the Wife's parents were, in fact, gifts to the Wife that the Wife then contributed to the marriage. Little evidence was presented regarding the reasons for the gifts, but the record is clear that the gifts were made to both the Husband and the Wife during their long-term marriage. Based on the evidence presented as to all of the circumstances, we conclude that section 61.075(1)(g) does not support an unequal distribution.
The Wife cites to Russell v. Russell, 890 So.2d 1148 (Fla. 4th DCA 2004), as support for the unequal distribution award. There, the wife's parents gave the Russells substantial cash gifts that included $450,000 to purchase real property on which the parties built a home worth $2.5 million. When the parties separated, they had been living in the home for only a year. At the time of dissolution, the home had an equity value of about $1.5 million. The wife borrowed $700,000 from her parents to pay living expenses and professional fees, and after deducting liabilities the couple had $2.4 million in assets. The husband's annual income was $350,000, while the wife's annual income was $95,000.
In Russell, the trial court awarded to the wife $625,000 as lump-sum alimony to be paid from the husband's one-half interest in the home's equity, but it required the wife to assume a $953,000 mortgage on the home. The trial court stated that a lump-sum alimony award "is appropriate to aid the Court not only for purposes of support, but also in order to achieve equitable distribution." Id. at 1150. The court found that "given the source of the parties' accumulation of wealth over the years having been derived from the Wife's parents, that it is appropriate to eliminate the Husband's interest in the marital residence so that the Wife and children may remain there." Id. On appeal, the husband argued that the award of lump-sum alimony left him with only one-fourth of the marital assets. The Fourth District determined that "under the unusual facts in this case, the award of lump sum alimony, combined with a substantially reduced periodic alimony award, was not an abuse of discretion." Id. at 1150-51. The court noted that the lump-sum award to the wife would be the best way to accomplish the goal of allowing her to stay in the home with the children. Id. at 1151.
The circumstances of this case are not analogous to those in Russell. Here, the trial court determined that there should be an unequal distribution in favor of the Wife under section 61.075(1)(g) solely on the basis that the wealth accumulated by the parties resulted from the gifts made by the Wife's parents to the parties as a married couple. Although the wife's parents in Russell also made gifts to the married couple, other significant factors justified the unequal distribution: the wife *128 assumed a significant amount of marital debt; it was important for the wife and minor children to remain in the marital home; the wife and children would only be able to remain in the marital home with the continued generosity of the wife's parents; and the lump-sum alimony was a substitute for a higher periodic alimony award. Here, apart from the gifts made by the Wife's parents, the trial court did not find and the evidence did not establish any other factors that might justify an unequal distribution.
The Husband suggests that Williams v. Williams, 686 So.2d 805 (Fla. 4th DCA 1997), supports reversal of the unequal distribution. There, the trial court awarded two-thirds of the marital assets to the husband. In making the unequal distribution, the trial court mainly focused on the fact that the husband had brought a significant amount of premarital assets into a nine-year marriage and commingled them with marital assets. Id. at 807. The Fourth District recognized that for the factor in section 61.075(1)(g) to be applicable, the spouse must have made extraordinary contributions to the marriage "over and above the normal marital duties" and that the husband's status as primary wage earner did not meet this standard. Id. at 809. The court reversed and remanded for an equal distribution, noting that the case presented "no unique circumstances that would render a harsh result necessary to do equity and justice between the parties." Id. at 810; see § 61.075(1)(j). The court distinguished situations where large amounts of premarital assets were brought into very short-term marriages. Williams, 686 So.2d at 808-10 (discussing McMonagle v. McMonagle, 617 So.2d 373 (Fla. 5th DCA 1993), which involved a less than two-year marriage, and Ibanez-Vogelsang v. Vogelsang, 601 So.2d 1303 (Fla. 3d DCA 1992), which involved a six-week marriage).
Here, the parties had a long-term marriage of thirty-seven years, and the Wife's parents made gifts to both the Husband and the Wife during the course of the marriage. The record does not establish that the gifts can properly be considered as the Wife's contributions to the marriage under section 61.075(1)(g), particularly as the trial court found that the Husband and Wife made essentially equivalent contributions to the marriage. Moreover, the record does not establish that an unequal distribution was necessary to do equity and justice between the parties.
Because the record does not support the trial court's award of seventy percent of the marital assets to the Wife and thirty percent to the Husband, we reverse the equitable distribution and remand with instructions that the trial court equally distribute the marital assets. See Williams, 686 So.2d at 810. In all other respects we affirm the final judgment.
Affirmed in part, reversed in part, and remanded.
WHATLEY and LaROSE, JJ., Concur.
NOTES
[1] The Husband filed a notice advising this court that his challenge to the denial of his claim for alimony is moot because he remarried during the pendency of this appeal.