DAVIS, Judge.
In these consolidated appeals, Dennis M. Fuentes, the Husband, challenges (1) the trial court’s final judgment of dissolution of his twenty-nine-year marriage to Hae Young Fuentes, the Wife; (2) the trial court’s “Order From Case Management Conference”; and (3) the trial court’s “Order on Emergency Motion for Contempt.” We affirm the latter two orders without comment. With regard to the final judgment of dissolution, we reverse the equitable distribution portion of the final judgment and remand for reconsideration. We affirm all other aspects of the final judgment without comment.
In distributing the parties’ marital estate, the trial court appears to have counted certain funds twice. The Husband testified that when the parties lived in Italy they had a joint bank account there and that the account had roughly $40,000 in it. The Husband also testified that he twice transferred funds from that account to one in his name alone, leaving only $58 dollars in the joint account. One of the transfers was for. $29,862, and one was for $10,000. In calculating the marital estate on the equitable distribution worksheet, the court included as assets to be awarded to the Husband both $29,862, identified as the amount in the Husband’s account, and $40,000 as the amount the Husband “transferred] to personal account.” According to the Husband’s testimony, the $29,862 in his account was part of the $40,000 he transferred from the parties’ joint account. The equitable distribution worksheet reflects a bottom-line award to the Husband of $111,984, while the Wife is to receive $109,322.
Although the final judgment states that “[t]he Equitable Distribution table attached as Exhibit A reflecting the above specified distribution shall be ratified and incorporated herein,” the judgment itself makes no mention of the $40,000 transferred to the Husband’s account. The judgment therefore awards the Husband only $71,984 but awards the Wife the $109,322 contemplated by the equitable distribution worksheet without adjusting that figure to account for the $40,000 subtracted from the Husband’s worksheet distribution. If this unequal distribution is the unintentional result of the improperly calculated marital assets, we must reverse this portion of the final judgment and remand for recalculation. If it was an intentional distribution, we still must reverse because the trial court did not articulate any specific findings of fact to justify the unequal distribution. See Franklin v. Franklin, 988 So.2d 125, 126 (Fla. 2d DCA 2008) (“An appellate court must reverse an unequal distribution if the trial court fails *1206 to make a specific finding of fact that justifies the unequal distribution
Additionally, the Husband also testified that only $300 of the $40,000 he transferred to his own account remained because he had been forced to spend the rest on “living expenses ... the house payments, just all, you know, my expenses.” The Wife did not refute or challenge this testimony. As such, the Husband argues that only the $300 should be included in the marital estate. See Austin v. Austin, 12 So.3d 314, 316-17 (Fla. 2d DCA 2009) (“When a spouse depletes marital assets during the pendency of dissolution proceedings to pay for support, living expenses[,] and litigation expenses, it is error to include the assets in the equitable distribution scheme in the absence of misconduct.”). The trial court, however, failed to address this issue in the final judgment.
Finally, some of the trial court’s valuations of assets and debts are not supported by competent, substantial evidence. The Husband valued the debt on his car at $6000, the Wife valued it at $5200, but the court valued it at $3000 and apportioned it to the Husband. Likewise, although the Husband testified that he owed a $20,000 reimbursement payment to the government for housing expenses associated with his employment and the Wife offered no opinion on the value of this debt, the court valued it at $15,000 and assigned it to the Husband. The trial court made no findings as to why these debts were so valued.
Based on the errors on the face of the final judgment and the lack of findings, we must reverse the equitable distribution portion of the final judgment of dissolution and remand for recalculation. On remand, the trial court shall make all necessary findings to support its ultimate distribution. Furthermore, the court will address the Husband’s claim that certain assets should not be included in the distribution because they were depleted to pay for his living expenses. All other aspects of the final judgment are affirmed.
Affirmed in part, reversed in part, and remanded for further proceedings.
KELLY and LaROSE, JJ., Concur.