PER CURIAM.
This appeal and cross-appeal concerns the parties’ respective petitions for modification of permanent alimony. Appellant (Former Husband) petitioned the court for a decrease in his alimony obligation. Ap-pellee (Former Wife) counter-petitioned for an increase in both the alimony obligation and the amount of the life insurance policy Former Husband was obligated to maintain to secure the alimony, as well as an award of attorney’s fees. The trial court denied Former Husband’s petition. The trial court denied Former Wife’s request for modification of alimony and life insurance, and reserved jurisdiction on the attorney fee request. Both parties appealed the trial court’s denial of their respective modification requests, and Former Husband appeals the trial court’s decision to reserve jurisdiction on the attorney’s fee issue.
We affirm the trial court’s order denying Former Wife’s counter-petition for an increase in alimony and the life insurance coverage without further comment. We dismiss Former Husband’s appeal of that portion of the final order retaining jurisdiction of Former Wife’s request for an award of attorney’s fees as premature. See Waggoner v. Waggoner, 780 So.2d 1033, 1034 (Fla. 1st DCA 2001) (holding “the award of attorney’s fees [but not amount] ... is a non-appealable non-final order.”). For the reasons explained below, we remand with respect to the trial court’s denial of Former Husband’s request for reduction of his alimony support.
A trial court’s order addressing modification of alimony is reviewed for abuse of discretion. See Leonard v. Leonard, 971 So.2d 263, 266 (Fla. 1st DCA 2008). “In order to justify a modification of alimony, the moving party must show: (1) a substantial change in circumstances; (2) that the change was not contemplated at the final judgment of dissolution; and (3)that the change is sufficient, material, permanent, and involuntary.” Rahn v. Rahn, 768 So.2d 1102, 1105 (Fla. 2d DCA 2000). When faced with a request to modify alimony, a court should consider the parties’ income, the payee’s need for alimony, and the payor’s ability to pay. Leonard, 971 So.2d at 267.
Here, the basis for Former Husband’s request for a reduction in his alimony obligation was his plan to retire after working for 40 years which, he asserted, would result in a reduction in his income and ability to continue to pay his alimony obligation. “[P]ost-judgment retirement constitutes a change of circumstances which may be considered together with other relevant factors upon a petition to modify alimony.” McManus v. McManus, 638 So.2d 1051, 1052 (Fla. 2d DCA 1994).
In Pimm v. Pimm, 601 So.2d 534 (Fla.1992), the court explained that, in deciding whether a party’s intent to retirement is reasonable, the trial court
must consider the payor’s age, health, and motivation for retirement, as well as the type of work the payor performs and the age at which others engaged in that line of work normally retire ... Even at the age of sixty-five or later, a payor spouse should not be permitted to unilaterally choose voluntary retirement if this choice places the receiving spouse in peril of poverty. Thus, the court should consider the needs of the receiving spouse and the impact a termination or reduction of alimony would have on him or her. In assessing those needs, the court should consider any assets which the receiving spouse has accumulated or received since the final judgment as well as any income generated by those assets.
Id. at 537.
Here, after conducting the foregoing analysis, the court found Former Hus *67 band had satisfied all of the Pimm criteria and that his plan to retire was reasonable and not for the intention of avoiding his alimony obligation. In fact, in the portion of the judgment addressing Former Wife’s request for an increase in alimony, the court said that, not only did Former Wife fail to present “any evidence to support an increase in the alimony award. To the contrary, the evidence presented does not even support keeping the alimony at its current level.”[1] (emphasis added).
Despite these findings, the court denied Former Husband’s request for a reduction in his alimony obligation. The court provided no explanation for this decision, and we will not speculate as to the reason. Instead, we remand for the trial court to explain its decision. By so doing, however, we are in no way suggesting that the court was obligated to grant the reduction request solely on the basis that Former Husband satisfied the Pimm criteria. As noted, the reasonableness of an alimony-obligor’s retirement is but one factor for • consideration in deciding whether to grant that obligor’s request for a reduction in his alimony obligation.
In conclusion, we remand for the court to explain its denial of Former Husband’s petition for a reduction in his alimony obligation, dismiss Former Husband’s appeal of the trial court’s retention of jurisdiction to consider Former Wife’s request for an award of attorney’s fees, and affirm the denial of Former Wife’s request for an increase in alimony.
AFFIRMED in part, DISMISSED in part, and REMANDED in part, with instructions.
THOMAS, RAY, and OSTERHAUS, JJ., concur.

. This finding was based, in part, on the court’s finding that Former Wife had been supporting herself using only her part-time . employment income and monthly social security payments, and her admission that, for the preceding two years, she had deposited her .alimony checks into a savings account to save for retirement. Other factors for this finding were Former Wife’s lack of debt, her home that she purchased after the divorce was mortgage-free, and that she maintained a vacant piece of property in Sarasota.