IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MICHAEL DENNIS, Former
Husband,

     Appellant,

v.

HOLLI POE DENNIS, Former
Wife,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2358

Opinion filed February 10, 2016.

An appeal from the Circuit Court for Santa Rosa County.
David Rimmer, Judge.

Stephen A. Pitre of Clark, Partington, Hart, Larry, Bond & Stackhouse, Pensacola, for Appellant.

Ross A. Keene of Ross Keene Law, P.A., Pensacola, for Appellee.

WOLF, J.

Appellant, the former husband, challenges a final order modifying alimony. He raises several issues on appeal, one of which requires reversal and remand. He asserts the trial court, after finding a substantial change in circumstances, failed to explain the reason for the amount of the modified alimony it awarded to the former

wife. It is not readily apparent to us how the trial court determined the wife's present need for alimony, nor did the trial court explain the reason for the level of the award.[*] We, therefore, must reverse and remand for the trial court to explain its determination of the former wife's level of need. See Anderson v. Durham, 162 So. 3d 65, 67 (Fla. 1st DCA 2014) (reversing and remanding for more factual findings where a trial court denied a former husband's motion to modify alimony despite finding his intent to retire was reasonable, because the court "provided no explanation for this decision, and we will not speculate as to the reason"); DePoorter v. DePoorter, 509 So. 2d 1141, 1146 (Fla. 1st DCA 1987) (reversing an order reducing permanent alimony because the appellate court was "unable to determine what factors were relied upon by the trial court in making the alimony reduction determination").

BILBREY and WINOKUR, JJ., CONCUR.

---

[*] The only explanation for the level of the award would be the former wife's support of the parties' adult children. This is an improper consideration in determining need for alimony. See Wolfe v. Wolfe, 953 So. 2d 632, 636-37 (Fla. 4th DCA 2007) (finding expenses a former wife spent on an adult son "are not properly included in her needs evaluation" because "[a] parent has no legal obligation to provide post-majority support for a child and cannot be compelled to support an adult child indirectly through the payment of alimony."). The former wife argues the previous final judgment allows for this factor to be considered in determining need. She cites to a portion of the stipulated final judgment in which appellant agreed to provide for some of the children's expenses while they were in college. However, the former wife is not required to provide any assistance to the adult children in the final judgment. Because the wife has no legal obligation to make these payments, they may not be considered as the basis of her need.