DAUKSCH, Judge.
Appellant, Allan Finch, timely appeals a final judgment of dissolution of marriage. The only issue raised by appellant on appeal is the propriety of the trial court’s failure to award child support.
Before the parties were divorced, they entered into a marital settlement agreement, the terms of which they sought ratification and incorporation of into the dissolution judgment. The parties agreed to share parental responsibility of their child with appellant designated as the primary residential custodian. Although the agreement does not address the issue of child support, both parties pled the issue as a matter for the trial court’s determination. The trial court’s order setting case management conference and order setting pretrial conference and trial date further include the issue as an issue for its determination.
Following a dissolution hearing, the trial court entered a final judgment dissolving the parties’ marriage. Acknowledging that they had entered into a marital settlement agreement which was admitted into evidence at the hearing, the court ordered shared parental responsibility of the child and designated appellant as the primary residential custodian. Appellee was given reasonable rights of visitation. She was also ordered to provide for the child’s health insurance and both parties were ordered to share those medical, dental and hospital expenses incurred by the child which were not covered by insurance.
The trial court refused to award appellant child support reasoning as follows:
4. The parties have made no provision for a support contribution for the benefit of the minor child by the Wife as noncustodial parent and therefore have waived the child’s right to support from the noncustodial parent. The Wife, therefore, shall not have an obligation for the support of the minor child.
Because the parties pled the issue of child support as a matter for the trial court’s determination, the trial court’s finding that the parties waived the right is erroneous. Moreover, child support may not be contracted away. Gammon v. Cobb, 335 So.2d 261 (Fla.1976); Bush v. Bush, 590 So.2d 531 (Fla. 5th DCA 1991). Finally, section 61.30(1)(a) establishes a presumptive amount of child support to be ordered by the trial court based upon the child support guidelines. Accordingly, this case must be remanded for an evidentiary hearing to set an amount for the appellee to contribute toward the support of her child.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
HARRIS, C.J., and THOMPSON, J., concur.