707 So.2d 936 (1998)
Albert NARCIS, Appellant,
v.
Maria C. NARCIS, Appellee.
No. 97-1473.
District Court of Appeal of Florida, Third District.
March 18, 1998.
Markus & Winter, and Stuart A. Markus, and Robert O. Schwarz, Miami, for appellant.
Melissa G. Tenenbaum, Coconut Grove, for appellee.
Before GERSTEN, FLETCHER and SORONDO, JJ.
PER CURIAM.
Appellant, Albert Narcis (the "former husband"), appeals a final judgment of dissolution of marriage, awarding permanent periodic alimony to appellee, Maria C. Narcis (the "former wife"). We reverse and remand for the reconsideration of the alimony award.
The former wife filed for divorce from the former husband in 1995. Throughout the dissolution proceedings, there was conflicting evidence regarding the former husband's income. Three financial statements, each depicting a different monthly gross and net income, were submitted regarding the former husband's earnings. The former husband, who is a cardiologist with his own practice, maintained his net income was diminishing and had decreased to approximately $2,475 a month. According to the former wife, the former husband was receiving significant amounts of unreported cash income and had net monthly earnings of approximately $5,000.
In the final judgment of dissolution, the trial court concluded that the former husband had substantial unreported income. The court then determined the former husband's net monthly earnings were $5,000 and ordered the former husband to pay $3,000 a month in permanent periodic alimony to the former wife. Thereafter, the trial court reserved *937 jurisdiction to award additional alimony if justified under the circumstances, based on the evidence presented at trial.
When estimating actual income for purposes of awarding alimony, the trial court must set forth factual findings concerning a spouse's probable and potential earning level, the source of the income, and any adjustments to income. See Jones v. Jones, 636 So.2d 867 (Fla. 4th DCA 1994). While the source and amount of income can be inferred from the circumstances, the basis for determining income must still be supported by the evidence. See Alon v. Alon, 665 So.2d 1110 (Fla. 4th DCA 1996); Seitz v. Seitz, 471 So.2d 612 (Fla. 3d DCA 1985). In this case, the trial court determined the former husband's income was substantially higher than what the former husband claimed, yet made no findings supporting this conclusion. The court made no findings establishing the former husband's gross income or what deductions were used to reach the $5,000 figure. There were also no findings identifying the amount or source of the additional income the former husband was allegedly failing to report.
In the absence of record support for the finding that the former husband has substantial unreported income, we are compelled to reverse. See Gomez v. Gomez, 659 So.2d 705 (Fla. 3d DCA 1995); Guzman v. Guzman 653 So.2d 1118 (Fla. 5th DCA 1995). The absence of record support also makes it unclear whether the former husband has the financial resources to make the required alimony payments. It is well settled that alimony awards must not exceed a spouse's ability to pay. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Parham v. Parham, 385 So.2d 107 (Fla. 3d DCA 1980). If the former husband's monthly income is $5,000, the $3,000 alimony payments would consume most of his take-home pay, but could still be reasonable. See Pastore v. Pastore, 497 So.2d 635 (Fla.1986). However, if the former husband's income is less than $5,000, the award might swallow his income whole and would likely be excessive. See Thomas v. Thomas, 418 So.2d 316 (Fla. 4th DCA 1982); Blum v. Blum, 382 So.2d 52 (Fla. 3d DCA 1980). Although we find no error in the distribution of marital assets and liabilities, or in the award of permanent periodic alimony, the trial court's determination of the former husband's income raises a question regarding the potential excessiveness of the alimony award.
Finally, as the former wife correctly concedes, the trial court had no authority to reserve jurisdiction to award additional alimony based upon the evidence presented at trial. Courts can reserve jurisdiction to award additional alimony only when based on a substantial change in the circumstances. See Thilem v. Thilem, 662 So.2d 1314 (Fla. 3d DCA 1995).
Therefore, the order below is reversed in part and remanded to reconsider the former husband's income and the alimony award. In all other respects, the order is affirmed.
Affirmed in part; reversed in part and remanded with instructions.