768 So.2d 1150 (2000)
Suellen WILKES, Appellant,
v.
Jeffrey R. WILKES, Appellee.
No. 2D99-2446.
District Court of Appeal of Florida, Second District.
September 1, 2000.
*1151 Simon Rosin, Sarasota, for Appellant.
Lisa Kleinberg, Sarasota, for Appellee.
WHATLEY, Judge.
The wife, Suellen Wilkes, appeals the order denying her motion pursuant to Florida Rule of Civil Procedure 1.540 to set aside the final judgment of dissolution of marriage. That final judgment incorporated a marital settlement agreement.
The wife asserts that the husband, Jeffrey R. Wilkes, misstated his income by filing a false financial affidavit. The wife contends that the husband's net income was approximately $19,000 more than the amount reflected on his financial affidavit. The filing of a false financial affidavit is intrinsic fraud. See DeClaire v. Yohanan, 453 So.2d 375 (Fla.1984). A motion to set aside, such as the one filed by the wife, is the only vehicle to assert intrinsic fraud. The wife's motion was filed within the applicable one-year time period. See Fla. R. Civ. P. 1.540(b).[1]
The trial court conducted an evidentiary hearing on the wife's motion and ruled in favor of the husband. We affirm the trial court's decision as to all claims other than child support. The alleged false statements on the husband's financial affidavit concerned expenditures for health insurance and for an automobile. The wife contended that these expenditures were in fact paid by the husband's employer. The trial court could have easily determined that the wife had knowledge of these expenditures. Further, the wife was at all times represented by counsel (her appellate counsel was not her trial counsel). The wife's trial counsel conducted no discovery.
A child's right to support may not be waived by a parent, see Strickland v. Strickland, 344 So.2d 931 (Fla. 2d DCA 1977), nor may that right be contracted away, see Finch v. Finch, 640 So.2d 1243 (Fla. 5th DCA 1994). Here, the marital settlement agreement did provide for child support, yet, the children were unrepresented. Thus, if the husband's statements were false, the children would in all probability be entitled to more child support than the amount to which the parties agreed. The wife simply could not "contract" away an amount of the children's support.
Accordingly, we reverse the denial of the wife's motion to set aside for the limited purpose of determining at an evidentiary hearing whether the husband's statements were false and, if so, what impact they had on the child support award.
Affirmed in part, reversed in part, and remanded for further proceedings.
BLUE, A.C.J., and CASANUEVA, J., Concur.
NOTES
[1] We note that the wife could also have filed her motion pursuant to Florida Family Law Rule of Procedure 12.540, which provides that there shall be no time limit for motions for relief based on fraudulent financial affidavits in marital cases.