PER CURIAM.
Jacob Beniaminov [Husband] appeals from a final judgment of dissolution of marriage, contending that the trial court abused its discretion by (1) allowing testimony on matters not pleaded and thereafter determining that the Husband should be required to return certain jewelry to the Wife, and (2) by improperly imputing income to the Husband and arbitrarily reducing the Wife’s income below the amount stated on her sworn financial affidavit.
*495 First, we conclude that the trial court did not abuse its discretion respecting the return of the jewelry to the Wife. Pursuant to section 61.075(3), Florida Statutes (1999), the trial court made specific factual findings[1] in its judgment prior to ordering the distribution of these marital assets. As to the Husband’s contention that the jewelry distribution issue was not properly before the trial court, we note that the parties raised the issue by seeking equitable distribution of their personal property. We affirm the jewelry’s distribution as ordered.
Contrary to the Husband’s argument, the trial court properly imputed income to him based on the factual finding that the Husband was underemployed in view of his living expenses and lifestyle. See Saporta v. Saporta, 766 So.2d 379 (Fla. 3d DCA 2000). We therefore affirm the trial court’s decision to impute income to the Husband.
In addition, we affirm the trial court’s reduction of the Wife’s income as it is supported by the findings in the final judgment. Therefore, we affirm the final judgment of dissolution of marriage in all respects.
Affirmed.

. We accept the factual findings in the judgment as being correct and assume they are supported by substantial competent evidence as no transcript of testimony (or other substitute) was provided to us. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).