868 So.2d 568 (2004)
Jeffrey I. JACOBS, Appellant,
v.
Jill E. JACOBS, Appellee.
No. 3D02-2260.
District Court of Appeal of Florida, Third District.
February 11, 2004.
Rehearing Denied March 26, 2004.
*569 Greene, Smith & Associates, P.A., and Cynthia Greene, Miami, for appellant.
Bette E. Quiat; Jay M. Levy, Miami, for appellee.
Before COPE, GODERICH, and FLETCHER, JJ.
COPE, J.
Jeffrey I. Jacobs appeals an order modifying his child support obligation. We affirm in part and reverse in part.

I.
The appellant former husband and appellee former wife were married in 1989 and divorced in 1998. Three children were born of the marriage.
The parties' marital settlement agreement provided for $1,500 per month child support. If the former husband's income exceeded certain amounts, then the former husband would pay private school tuition for the children. The former husband also agreed to purchase a Florida prepaid college tuition contract for each child.[1]
In April 1998, a divorce decree was entered incorporating the marital settlement agreement. In 1999, the former wife filed a motion for relief from judgment under Rule 12.540, Florida Family Law Rules of Procedure. She claimed that she had been misled as to the former husband's true financial position. She also filed a motion for modification of child support on the basis of an increase in the former husband's income.
The trial court granted an upward modification of child support. As we interpret the order, the court also granted relief from judgment regarding certain items of child support.
The former husband has appealed.

II.
The court conducted an evidentiary hearing on the former wife's claims. The husband and wife are both lawyers, and both had the assistance of counsel in entering into the marital settlement agreement.
With regard to the motion for relief from judgment, the trial court concluded that the former wife had access to the correct information regarding the former husband's financial position at the time of the negotiation of the marital settlement agreement. As we interpret the court's order, the court granted an involuntary dismissal of the former wife's fraud claim on all issues except child support.
However, based on Wilkes v. Wilkes, 768 So.2d 1150 (Fla. 2d DCA 2000), the court concluded that as relates to child support, a court may grant relief from judgment where it is demonstrated that there has been a material error in the calculation of the child support guidelineseven if there has been no fraud. The Wilkes opinion appears to authorize such a procedure, even where the payee former spouse had actual knowledge of, or access to, the correct financial information.
For 1998the year the judgment was enteredthe trial court ruled that child care expenses for summer camp, uncovered medical expenses, and tutoring should be paid in proportion to the parties' respective incomes. The marital settlement *570 agreement had made these largely the responsibility of the former wife alone. thus, the court granted a limited amount of relief from judgment under the Wilkes decision.
It is our view that Wilkes does not survive the later opinion of the Florida Supreme Court in Macar v. Macar, 803 So.2d 707 (Fla.2001). Given the trial court's conclusion that the former wife had access to all of the material financial information, the Macar decision dictates that the motion for relief from judgment should have been denied entirely. We therefore reverse the order now before us to the extent that it reopened the 1998 judgment. This means that the parties' marital settlement agreement is controlling for the time period prior to the effective date of the modification.[2]

III.
We affirm the modification order. Modification was granted effective as of the date of filing the petition, which was August 16, 1999.
Paragraph 61.30(1)(b), Florida Statutes (1999), provides:
(b) The guidelines may provide the basis for proving a substantial change in circumstances upon which a modification of an existing order may be granted. However, the difference between the existing monthly obligation and the amount provided for under the guidelines shall be at least 15 percent or $50, whichever amount is greater, before the court may find that the guidelines provide a substantial change in circumstances.
Id. (Emphasis added)[3]
The parties acknowledge, and we agree, that this statute applies to child support which has been established by agreement, as well as child support which has been court ordered. See id.; State Dept. of Revenue v. Sumblin, 675 So.2d 691, 692 (Fla. 1st DCA 1996). In this case, the fifteen percent "trigger" of the statute was satisfied. The trial court properly granted the petition for modification.
The former husband argues that the trial court erred by disallowing his claims for certain credits against the child support amounts owed. The most significant of these is a mandatory stock purchase requirement under the terms of the shareholders agreement in the former husband's professional association. The agreement requires the former husband for several years to use the first $25,000 of his year-end share of firm profits to buy additional stock in the professional association. The husband argues that the $25,000 annual amount should be treated as a business expense under the child support guidelines and should not be included in his available income. See § 61.30(2)(a)3., Fla. Stat. (1999). We agree with the trial court, however, that since this transaction results in the acquisition of an additional assetadditional stock in the professional associationit is not properly viewed as a deductible business expense for purposes of the guidelines. Thus, the credit was properly disallowed.
Under the parties' agreement the former husband is required to pay the *571 expenses for the Florida college prepaid tuition program by the time each child reaches the age of thirteen. The former husband has elected to purchase those contracts early, which apparently allows the contracts to be purchased at lower cost. The former husband argues that he should be given credit against his other child support obligations for satisfying these obligations early. We disagree and conclude that the trial court correctly disallowed any such credit. Since the former husband must buy the contracts in any event, the former husband's decision to prepay those amounts does not create any entitlement to set off those costs against the other child support expenses that the husband is required to pay.
The modification order also ruled that the former wife would be entitled to attorney's fees for the modification proceeding, and reserved jurisdiction to set the amount. The former husband maintains that fees should not have been awarded. The former wife argues that this issue is premature until such time as an amount has been set.
After the briefs were filed, the trial court entered a judgment setting the attorney's fee amount. As briefing of the present appeal was already completed before the attorney's fee amount was set, we decline to entertain any issue regarding attorney's fees. This ruling is without prejudice to the parties to proceed by separate appeal from the attorney's fee judgment.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NOTES
[1] The parties agreed to exchange financial information each year so long as the child support obligation remained outstanding.

Although not pertinent here, the other main features of the marital settlement agreement were the agreed sale of the parties' marital home, the agreed division of the parties' personal property, a waiver of alimony, and a relinquishment by the wife of any interest in the former husband's law practice.
[2] The trial court ruled alternatively that there had been no meeting of the minds regarding payment of these expenses. We respectfully disagree, as the marital settlement agreement contains an explicit provision on each item.
[3] The statute was amended to this effect in 1993. See ch. 93-208, § 5, Laws of Fla.