965 So.2d 173 (2007)
Tina Marie HEARD, Appellant,
v.
Brian Andrew HEARD, Appellee.
No. 5D06-2910.
District Court of Appeal of Florida, Fifth District.
August 10, 2007.
Rehearing Denied October 2, 2007.
Robert J. Wheelock, Eric Lee Benson and Michael B. Jones, of the Wheelock Law Firm, LLC, Orlando, for Appellant.
Stewart Cohen, of Stewart Cohen, P.A., Orlando, for Appellee.
ORFINGER, J.
Tina Marie Heard, the former wife, appeals the dismissal of her motion for relief from the final judgment dissolving her marriage to Brian Andrew Heard, the former husband. As explained below, we affirm.
In 2002, after considerable litigation, the former husband and the former wife entered into a marital settlement agreement, which was then incorporated into a final judgment dissolving their marriage. Among other things, the marital settlement agreement and final judgment required the former husband to pay child *174 support to the former wife, although the agreed upon amount was approximately 37% less than what the guidelines would have otherwise required. Although it is unclear from the record why the parties agreed to this adjustment, it appears that it was based on the fact that the former husband had overnight visitation with the child approximately 35-40% of the time. Prior to being submitted to the trial court, the marital settlement agreement was approved by the child's guardian ad litem, who recommended that it be adopted as it was in the child's best interest.
Four years later, on behalf of the minor child, the former wife sought relief from the final judgment pursuant to Florida Family Law Rule of Procedure 12.540 and Florida Rule of Civil Procedure 1.540. The former wife alleged that she did not have the authority to contract away the minor child's right to support in the amount required by the statutory guidelines. Under the facts of this case, we disagree. Given the fact that the former wife had access to all material financial information, the motion for relief from judgment was properly denied. See Macar v. Macar, 803 So.2d 707 (Fla.2001); Jacobs v. Jacobs, 868 So.2d 568 (Fla. 3d DCA 2004). Further, the child was represented throughout the proceedings by a guardian ad litem who specifically approved the agreement and urged the court to accept it. Our affirmance of the trial court's order denying the former wife relief from judgment is without prejudice to any future attempt to seek a modification of the previously agreed upon child support.
AFFIRMED.
SAWAYA and TORPY, JJ., concur.