993 So.2d 1022 (2008)
A. Robert MASSAM, Appellant,
v.
Judith A. MASSAM, Appellee.
Nos. 2D05-1997, 2D05-2827.
District Court of Appeal of Florida, Second District.
January 23, 2008.
Rehearing Denied March 14, 2008.
*1023 Debra J. Sutton and Sara Jean Palmer of Sutton Law Firm, Bartow, for Appellant.
John W. Frost, II, and Mark A. Sessums of Frost, Tamayo, Sessums & Aranda, P.A., Bartow, for Appellee.
VILLANTI, Judge.
In this consolidated appeal, A. Robert Massam challenges the final judgment of dissolution of his marriage to Judith A. Massam and the order granting her motion for trial court attorney's fees. We find merit in two of his nine claims. First, the trial court erred in failing to make specific findings to support its order that the Husband "maintain life insurance in the amount of the existing life insurance or $750,000, in order to secure Wife's alimony award." Second, it erred in failing to include unpaid rents in the valuation of the Husband's business for equitable distribution.

Life Insurance
Section 61.08(3), Florida Statutes (2004), allows the trial court to order maintenance of life insurance to secure alimony:
To the extent necessary to protect an award of alimony, the court may order any party who is ordered to pay alimony to purchase or maintain a life insurance policy or a bond, or to otherwise secure such alimony award with any other assets which may be suitable for that purpose.
"[A] court may require an obligated spouse to purchase or maintain life insurance to secure any arrearage owed or `to protect the financial well being of the other spouse' by providing for payment of the entire policy proceeds upon the obligor spouse's death." Richardson v. Richardson, *1024 900 So.2d 656, 660 (Fla. 2d DCA 2005) (quoting Sobelman v. Sobelman, 541 So.2d 1153, 1154 (Fla. 1989)). The Husband argues that the trial court erred in imposing the life insurance requirement without competent substantial evidence and without findings as to the special circumstances justifying it, whether the Husband was insurable, the cost of the life insurance, and the Husband's ability to pay the premiums.

Special Circumstances
The trial court cannot impose an insurance requirement absent "special circumstances," such as potential dire financial straits of the receiving spouse due to alimony arrearages or the receiving spouse's limited earning capacity upon the obligor spouse's death. See Richardson, 900 So.2d at 661; Solomon v. Solomon, 861 So.2d 1218, 1221 (Fla. 2d DCA 2003); Ruberg v. Ruberg, 858 So.2d 1147, 1156-57 (Fla. 2d DCA 2003). The record here supports a finding of special circumstances the Wife has limited earning capacity because her health prevents her from working. Additionally, the evidence supports a conclusion that alimony arrearages are likelythe Husband had "controlled and manipulated all of the parties' finances and mismanaged his business enterprises as part of a plan to bankrupt himself and Wife and therefore deprive her of her alimony claim." However, the trial court erred in failing to specify these special circumstances in the final judgment. See Smith v. Smith, 912 So.2d 702, 704 (Fla. 2d DCA 2005).

Availability, Cost, and Ability to Pay
The final judgment does not include the required findings as to the current availability of life insurance, the cost, or the Husband's ability to pay. See id.; Richardson, 900 So.2d at 661. The record reflects that the Husband had life insurance at the time of trial. Thus, he was insurable when he purchased the policies and had the ability to pay the premiums at that time. However, the record contains no evidence regarding the Husband's postdissolution ability to pay or his current insurability should the court's order require him to purchase additional insurance.
The record is unclear regarding both the face amount of the Husband's current life insurance and the cost of the premiums. The 2002 General Ledger for A. Robert Massam, M.D., P.A., the professional association through which the Husband operated his medical practice, lists yearly premium payments to two life insurance companies: $4000 to Southland Life Insurance and $3286.55 to Provident Life and Accident. However, the ledger shows no policy details indicating the type of insurance or face amount.
The record reveals two different cash values for life insurance policies. The Husband's Amended Pretrial Conference Case Memorandum lists a Southland Life Insurance policy with a face value of $250,000 and a cash value of $42,800; the trial transcript refers to a policy with approximately the same cash value$43,000. The P.A. 2002 tax return schedule and September 2004 P.A. income tax basis statement both list a life insurance cash value of $7105. Again, neither listing shows policy details. In the absence of the insurance policies, declaration pages, or some other more specific form of proof placed into evidence, the ledger, pretrial memorandum, and selected tax returns were inadequate to support the trial court's finding of the Husband's ability to pay those premiums prospectively.
In Pietras v. Pietras, 842 So.2d 956 (Fla. 4th DCA 2003), the Fourth District found no error in the trial court's determination that the wife was entitled to life insurance to secure her alimony award, but it reversed and remanded for the trial court to make findings as to the premium cost, the *1025 husband's ability to pay, and its effect on the alimony award itself. Id. at 962. The court allowed the trial court on remand to receive additional evidence relating to this issue. Id.; see also Augoshe v. Lehman, 962 So.2d 398, 401 (Fla. 2d DCA 2007) (reversing and remanding for evidentiary hearing); Forgione v. Forgione, 845 So.2d 968, 970 (Fla. 4th DCA 2003) (reversing and remanding for the trial court to consider cost and financial impact on paying spouse). Similarly here, we find no abuse of discretion in the trial court's ruling that the Wife was entitled to life insurance to secure the alimony award. See Zangari v. Cunningham, 839 So.2d 918, 920 (Fla. 2d DCA 2003) (specifying abuse of discretion standard of review).
However, because the final judgment does not include specific findings, we reverse and remand for the trial court to make specific findings as to the special circumstances that warrant such security, the amount of the Husband's current life insurance, his insurability, the cost of the premiums, the Husband's ability to pay, and any effect on the alimony award itself. The trial court may take additional evidence if necessary.

Life Insurance Payment Method
The Husband also argues that the trial court erred in failing to specify whether it intended the life insurance to secure retroactive support, future support, or both. A final judgment that requires life insurance as security must specify how the proceeds are to be paid upon the obligor spouse's deathwhether the life insurance is security for unpaid support obligations that might encumber only a portion of the proceeds, or whether all of the proceeds will go to the payee spouse to minimize economic harm to the family. Smith, 912 So.2d at 705; Richardson, 900 So.2d at 661 (citing Kearley v. Kearley, 745 So.2d 987, 988-89 (Fla. 2d DCA 1999)). In this case, the final judgment satisfies this requirement by stating specifically that the life insurance provision is to secure alimony. It does not direct the Husband to make the Wife the beneficiary for more than the amount of any alimony arrearages he owes upon his death.

Business Valuation
Finally, we reverse the trial court's equitable distribution. The trial court did not include the unpaid rent of the Husband's business as a marital liability in the equitable distribution. The final judgment gives a valuation date for the assets and liabilities of the date of trial. The trial court excluded the unpaid rents as nonmarital because the Husband incurred those debts after the filing date of the dissolution action. However, the final judgment does not list the time of filing as the valuation date for the Husband's business. "Different assets may be valued as of different dates, as, in the judge's discretion, the circumstances require." § 61.075(6), Fla. Stat. (2004); see Tucker v. Tucker, 966 So.2d 25, 26-27 (Fla. 2d DCA 2007). The trial court also may distribute assets unequally, provided it supplies specific findings of fact to justify its unequal distribution. See § 61.075(1); Hoirup v. Hoirup, 862 So.2d 780, 782 (Fla. 2d DCA 2003); Cooper v. Cooper, 639 So.2d 153, 155 (Fla. 2d DCA 1994); Moore v. Moore, 679 So.2d 1311, 1311 (Fla. 3d DCA 1996).
On remand, the trial court shall revisit its equitable distribution consistent with this opinion. We affirm on the remaining issues without discussion.
Reversed and remanded with directions.
WALLACE, J., and LEVY, DAVID L., Associate Judge, Concur.