997 So.2d 1120 (2008)
Roberto A. PONCE, Appellant,
v.
Carola P. PONCE, Appellee.
No. 3D06-1759.
District Court of Appeal of Florida, Third District.
October 15, 2008.
Rehearing and Rehearing En Banc Denied January 5, 2009.
*1121 Richard G. Dunberg, South Miami; Jay M. Levy, Miami, for appellant.
Bunnell Woulfe Kirschbaum Keller McIntyre Gregoire & Klein and Nancy W. Gregoire, Ft. Lauderdale; Patricia A. Kopco, Miami, for appellee.
Before SHEPHERD, SUAREZ, and LAGOA, JJ.
LAGOA, J.
Roberto A. Ponce appeals from the final judgment dissolving his marriage to Carola P. Ponce. Because the trial court's determination of the former husband's income was not based upon competent, substantial evidence, we reverse the amount of alimony, child support, and retroactive support awards which are dependent upon that finding. We also reverse the trial court's determination of equitable distribution and retroactive support to the extent that they fail to properly credit the former husband for sums to which the trial court found he was entitled. In all other respects, *1122 we affirm the final judgment below.[1]
On May 27, 2004, the former wife filed for divorce. During the dissolution proceedings, a disagreement arose regarding the former husband's income. Tax returns submitted by the former husband for the years 2002 through 2004 showed that the former husband had an average net annual income of $80,000. The former wife, however, asserted that the former husband earned a net annual income of approximately $90,000. In determining the amount of permanent alimony and child support, the trial court determined that the former husband's gross annual income was approximately $150,000, with a resulting net annual income of $90,000.
On appeal, the former husband contends that competent, substantial evidence does not support the trial court's determination. Additionally, the former husband asserts that the trial court failed to explain, as required by section 61.08(2)(a)-(g), Florida Statutes (2006), how it reached the conclusion that the former husband's net annual income was $90,000. Because the awards for permanent alimony and child support were based upon the determination of $90,000 net annual income, the former husband seeks reversal of those provisions in the final judgment.
In determining actual income for purposes of awarding alimony, the trial court is required to set forth factual findings regarding "all relevant economic factors," section 61.08(2), Florida Statutes (2006), including "a spouse's probable and potential level of earnings, the source of actual and imputed income, and any adjustments to income." Smith v. Smith, 737 So.2d 641, 643 (Fla. 1st DCA 1999). "When estimating actual income for purposes of awarding alimony, the trial court must set forth factual findings concerning a spouse's probable and potential earning level, the source of the income and any adjustments to income. While the source and amount of income can be inferred from the circumstances, the basis for determining income must still be supported by the evidence." Narcis v. Narcis, 707 So.2d 936, 937 (Fla. 3d DCA 1998) (citation omitted). See also Broadfoot v. Broadfoot, 791 So.2d 584, 585 (Fla. 3d DCA 2001) ("Where, as here, the basis for the award is reasonably clear and supported by the record, we decline to reverse on account of the absence of statutory findings. We do, of course, reserve the right to reverse on account of an absence of findings ... if the absence of the statutory findings frustrates this court's appellate review."); cf. Rodriguez v. Rodriguez, 958 So.2d 436 (Fla. 3d DCA 2007) (reversing financial provisions of final judgment of dissolution where there was no evidence to support the trial court's determination of former husband's income).
In this case, the trial court made no findings to support its determination that the former husband's income was substantially higher than what the former husband had established through testimony and his tax returns. Further, no findings were made identifying the amount and source of the additional $10,000 of income. While it is true that "Florida case law has long recognized that self-employed spouses... have the ability to control and regulate their income," there is nothing in the record to suggest that the former husband manipulated his income. Johnson v. Johnson, 725 So.2d 1209, 1215 (Fla. 3d DCA *1123 1999) (quoting Ugarte v. Ugarte, 608 So.2d 838, 840 (Fla. 3d DCA 1992)). Because we find that the record lacks competent, substantial evidence to support the trial court's determination that the former husband netted $90,000 annually, we reverse and remand the alimony and child support awards which are based upon that ruling, with directions to the trial court to recalculate the amount of the awards based upon an annual net income of $80,000.
For the same reason, we are also compelled to reverse the trial court's determination of the amount of retroactive alimony and child support to the former wife. While a trial court may award retroactive alimony when appropriate, such an award "must be based on the receiving spouse's need for alimony and the paying spouse's ability to pay." Alpert v. Alpert, 886 So.2d 999, 1002 (Fla. 2d DCA 2004). In this case, the trial court concluded that the former wife established her need for retroactive alimony and child support for this fifteen-month period. We are compelled, however, to reverse the trial court's determination of the amount of retroactive alimony and child support due for this fifteen-month period because the record lacks competent, substantial evidence of the former husband's ability to pay the amount ordered during this time period.
A review of the record shows that during part of the fifteen-month period in which retroactive support was awarded the former husband was ill with a diverticulitis condition that resulted in perforation of his colon and required several surgeries. The former husband testified that he had surgery in May of 2005, and had an additional surgical procedure soon thereafter. As a result of these surgeries, the former husband testified that during this time-frame he was unable to return to full-time employment and, as a result, his income decreased. Despite the foregoing, the trial court determined that the former husband's income remained $90,000 at all times during the dissolution proceedings. In making its determination, the trial court failed to set forth any findings concerning the sources and amount of the former husband's income during the time-frame when he was unable to return to work full-time. Accordingly, we reverse the awards of retroactive alimony and child support. Upon remand, the trial court's determination of the amounts of retroactive alimony and child support shall be supported by specific findings regarding the former husband's income during this fifteen-month period.
Finally, because it is not clear from the final judgment whether the former husband was properly credited with certain payments, we reverse for the trial court to award the former husband credits toward both the retroactive child support and alimony, and equitable distribution. At the March 31, 2006, hearing, the record reflects that the trial court found that the former husband was entitled to credits for: (1) mortgage payments he made on the parties' Country Walk home; (2) payments on a Wachovia line of credit; (3) payments of the Country Walk homeowners' association fees; (4) temporary alimony; (5) mortgage payments on the parties' Shoma home; (6) payments on the Shoma line of credit; (7) health insurance and; (8) payments for the children's school. The trial court allocated the payments related to the Country Walk home and the Wachovia line of credit as credits against equitable distribution. All other payments were found to be credits against the former husband's support arrearages.
The final judgment, however, reflects that the former husband was only given credit against retroactive child support and alimony for the payments he made to the children's school, for car insurance, and on the Shoma home mortgage. The *1124 former wife claims that the remaining credits were considered in the trial court's determination of equitable distribution. The record before us does not support the former wife's position. Indeed, as the parties agreed at oral argument, the former husband is entitled to a $750 credit toward support arrearages with respect to the line of credit on the parties' Shoma home, and this credit was not included in the final judgment. Accordingly, we find that the trial court's determination of retroactive child support and alimony, and equitable distribution, must be recalculated on remand to properly reflect all credits awarded to the former husband.
For the foregoing reasons, the trial court's order below is reversed and remanded in part. On remand, the trial court shall recalculate the awards of permanent periodic alimony and child support based upon the determination that the former husband's income is $80,000 annually. The trial court shall also recalculate the awards of retroactive alimony and child support based upon a proper determination of the former husband's actual income during the fifteen-month period at issue. Additionally, the trial court's determination of equitable distribution and retroactive support shall be adjusted to properly reflect all credits given to the former husband. In all other respects, we affirm the final judgment of dissolution.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
NOTES
[1] With respect to the former husband's claim that the trial court erred in its determination that the former wife was entitled to attorney's fees, we lack jurisdiction to review this issue as the trial court has not yet set an amount. See Jacobs v. Jacobs, 868 So.2d 568 (Fla. 3d DCA 2004); McIlveen v. McIlveen, 644 So.2d 612 (Fla. 2d DCA 1994).