LAGOA, J.
 

 Dana Child appeals from the final judgment dissolving his marriage to Amy Child. Although we affirm the trial court’s ruling that the husband’s income was greater than he reported, the trial court’s determination concerning imputation of a specific amount of additional income to the husband, as well as the trial court’s ruling that the husband obtain term life insurance to secure the alimony award, were not based upon competent, substantial evidence. We, therefore, reverse those portions of the judgment. We must also reverse the trial court’s awards of permanent periodic alimony and retroactive support because they are based upon the trial court’s incorrect determination of the husband’s income. With respect to these awards, we direct the trial court to recalculate the amount of the awards based upon reconsideration of the husband’s imputed income. In all other respects, we affirm the final judgment.
 
 [1]
 

 A.
 
 IMPUTATION OF INCOME
 

 As to the imputation of income, we disagree with the husband’s contention that the record does not contain the required evidence or that the trial court did not make sufficient factual findings to support its conclusion that he is underem
 
 *161
 
 ployed or concealing his true income. It is within the trial court’s discretion to impute income to a spouse in order to determine the support awards.
 
 See
 
 §§ 61.08(2), 61.30(2)(b), Fla. Stat. (2008). In addition, “Florida case law has long recognized that self-employed spouses, in contrast to salaried employees, have the ability to control and regulate their income. Their testimony, tax returns, and business records accordingly may not reflect their true earnings, earning capability, and net worth.”
 
 Ugarte v. Ugatte,
 
 608 So.2d 838, 840 (Fla. 3d DCA 1992).
 

 Here, the husband is a self-employed marine electronic technician, reporting a gross monthly income of $1759. He has been in this business for the past twenty years and operates his business with minimal cost at a property owned by his sister. He does not advertise his services and obtains customers based on referrals. The husband testified that he charges $85 an hour for installation of equipment, but sometimes does not charge for other business-related work. Although he was unable to testily as to the number of hours he worked per week, he admitted that if he worked two hours a day, he could make $850 a week. The husband does not have separate bank accounts or credit card accounts for his personal and business expenses. In addition, there was evidence and the husband’s testimony that he paid his monthly credit card bill in full, and during the pendency of the divorce proceedings from 2005 until the 2008 trial, he voluntarily paid the mortgage and expenses for the marital home where his wife and two children reside. The household expenses totaled approximately $1300 a month. He also voluntarily paid approximately $500 in monthly expenses for the parties’ two minor children. The credit card bills varied from approximately $3000 to $15,000 a month. The husband submitted tax returns showing a reported range of gross income from $13,004 to $27,772. In his latest financial statement, he stated that his monthly living expenses are $1749.33 greater than his net monthly income of $1449.
 
 [2]
 

 This record justifies the trial court’s conclusion that the husband’s financial documents and testimony did not demonstrate the accuracy of his reported income and that the negative cash flow, which the trial court concluded was not satisfactorily explained, supports a ruling that the husband’s income was greater than he reported.
 
 See Tomaszewski v. Tomaszewski,
 
 793 So.2d 1156 (Fla. 4th DCA 2001);
 
 Beniaminov v. Beniaminov,
 
 789 So.2d 494 (Fla. 3d DCA 2001);
 
 Johnson v. Johnson,
 
 725 So.2d 1209 (Fla. 3d DCA 1999);
 
 Bromson v. Dep’t of Revenue,
 
 710 So.2d 154 (Fla. 4th DCA 1998);
 
 Silberman v. Silberman,
 
 670 So.2d 1109 (Fla. 3d DCA 1996);
 
 Ugarte,
 
 608 So.2d at 838. Based on this evidence, we affirm the trial court’s ruling.
 

 We find merit, however, in the husband’s argument that the record lacks competent, substantial evidence to support the trial court’s imputation of the specific amount of an additional $3000 in monthly income to the husband. At trial, the court did not explain how it arrived at this figure, and the final judgment and the record do not disclose any basis for finding that the husband actually earned or is capable of earning $3000 in additional income each month. We therefore must reverse the trial court’s ruling as to this specific amount.
 
 See Ponce,
 
 997 So.2d at 1120;
 
 Griffin v. Griffin,
 
 993 So.2d 1066 (Fla. 1st DCA 2008);
 
 Narcis v. Nanis,
 
 707 So.2d 936 (Fla. 3d DCA 1998). On remand, the trial court shall reconsider the amount of
 
 *162
 
 the husband’s imputed income.
 
 [3]
 

 B.
 
 LIFE INSURANCE
 

 As to the life insurance, the husband argues that the trial court erred in requiring him to obtain insurance based on the absence of evidence of special circumstances and the absence of evidence as to the cost, amount, or availability of such insurance. We agree only with the latter contention.
 

 It is within the trial court’s authority to order the husband to provide term life insurance to protect the child support and alimony payments.
 
 See
 
 §§ 61.08(3), 61.13(l)(e), Fla. Stat. (2008);
 
 Sobelman v. Sobelman,
 
 541 So.2d 1153, 1154 (Fla.1989). “[I]n determining whether to secure support awards, the trial court should consider the need for such insurance, the cost and availability of such insurance, and the financial impact upon the obligor.”
 
 Plichta v. Plichta,
 
 899 So.2d 1283, 1287 (Fla. 2d DCA 2005).
 
 See also Byers v. Byers,
 
 910 So.2d 336, 346 (Fla. 4th DCA 2005). Absent special circumstances, however, the trial court may not impose such requirement.
 
 See Massam v. Massam,
 
 993 So.2d 1022 (Fla. 2d DCA 2008);
 
 Melo v. Melo,
 
 864 So.2d 1268 (Fla. 3d DCA 2004);
 
 Frechter v. Frechter,
 
 548 So.2d 712 (Fla. 3d DCA 1989). “ ‘Such special circumstances include a spouse potentially left in dire financial straits after the death of the obli-gor spouse due to ... ill health and/or lack of employment skills ... minors living at home, [and] supported spouse with limited earning capacity....’”
 
 Kotlarz v. Kotlarz,
 
 21 So.3d 892, 893 (Fla. 1st DCA 2009) (quoting
 
 Richardson v. Richardson,
 
 900 So.2d 656, 661 (Fla. 2d DCA 2005)).
 

 We reject the husband’s contention that there was no showing of special circumstances to justify this provision of the judgment. Here, the record clearly indicates the requisite circumstances to support imposition of this requirement, including minor children residing in the home, the wife’s disability,
 
 [4]
 
 her diminished earning capacity, and her dependence on the husband for financial support.
 
 See Massam,
 
 993 So.2d at 1022;
 
 Davidson v. Davidson,
 
 882 So.2d 418 (Fla. 4th DCA 2004).
 

 We agree, however, that this requirement may not stand absent evidence or findings as to the cost, amount, or the availability of such insurance.
 
 See Massam,
 
 993 So.2d at 1022;
 
 Rubinstein v. Rubinstein,
 
 866 So.2d 80 (Fla. 3d DCA 2003);
 
 Zimmerman v. Zimmerman,
 
 755 So.2d 730 (Fla. 1st DCA 2000);
 
 Schere v. Schere,
 
 645 So.2d 21 (Fla. 3d DCA 1994). Accordingly, we reverse this provision of the final judgment. Because the trial court, on remand, must reconsider the husband’s imputed income and the resulting amount of permanent alimony and retroactive support awards, it shall also consider evidence as to the cost, amount, or availability of insurance.
 

 For the foregoing reasons, the judgment is affirmed in part, and reversed in part, and remanded for further proceedings consistent with this opinion.
 

 Affirmed in part, reversed in part, and remanded.
 

 [1]
 

 . Because the trial court merely determined entitlement to attorney’s fees, but did not set an award amount, we lack jurisdiction to address the husband's contentions that the trial court erred in finding that the wife was entitled to attorney's fees.
 
 See Zuberer v. Zuberer,
 
 28 So.3d 993 (Fla. 2d DCA 2010);
 
 Ponce v. Ponce,
 
 997 So.2d 1120, 1122, n. 1 (Fla. 3d DCA 2008);
 
 Jacobs v. Jacobs,
 
 868 So.2d 568 (Fla. 3d DCA 2004).
 

 [2]
 

 . The financial statement includes $235 for children's expenses.
 

 [3]
 

 . On remand, it is within the trial court's discretion to consider additional evidence.
 
 See Rodriguez v. Rodriguez,
 
 958 So.2d 436, 437 n. 3 (Fla. 3d DCA 2007). This Court expresses no opinion as to whether the evidence on remand will support a determination of imputed additional income that is greater than, less than, or equal to the $3000 figure.
 

 [4]
 

 . The record establishes that the wife is legally blind.