DAVIS, Chief Judge.
Larry Rutan, the Former Husband, challenges the final judgment of dissolution that awarded Virginia Rutan, the Former Wife, permanent periodic alimony.[1] Because the final judgment fails to make sufficient findings to afford meaningful review by this court, we reverse.
*2 In December 2009, the Former Wife filed for dissolution of the parties’ thirty-year marriage. The parties agreed to bifurcate the proceedings, asking the trial court to rule on equitable distribution while reserving jurisdiction to determine the alimony issue at a later time. As such, on December 8, 2011, the trial court entered a partial final judgment equitably distributing the parties’ assets and liabilities. This partial final judgment was affirmed by this court on August 10, 2012. Rutan v. Rutan, 98 So.3d 578 (Fla. 2d DCA 2012) (unpublished table decision).
At the time of the dissolution action, the parties owned three pieces of residential real estate and two movie theaters. The marital residence and a triplex rental property were located in Pinellas County, and the movie theaters and a residential rental property were located in Pasco County. The parties’ income during the marriage came from the operation of the movie theaters and the rent from the triplex and the Pasco County residence. The equitable distribution judgment awarded all of these income-producing properties to the Former Husband along with all of the properties’ accompanying liabilities. The Former Wife was awarded the marital residence; however, the Former Husband remained responsible for the mortgage debt on that property. The Former Husband was further required to pay to the Former Wife an equalization payment of $240,033.[2] The equitable distribution judgment additionally ordered that an agreed-upon CPA would perform a cash flow analysis to assist the trial court in determining the availability of income to the Former Husband for payment of alimony if the need for alimony was established during the alimony portion of the proceedings.
After the cash flow analysis was prepared, the trial court held additional hearings on the issue of permanent periodic alimony. Following these hearings, the trial court entered the final judgment, in which it determined that the Former Wife had established a need for permanent periodic alimony. The court specifically found that the Former Wife earns $8.62 an hour and works thirty to thirty-five hours per week. The trial court also noted that the testimony of an employment expert indicated that the Former Wife could earn $9 to $10 an hour. However, the court did not specify the amount actually determined to be the Former Wife’s income. Instead, the final judgment simply states that based on the current earnings the Former Wife claimed in her financial affidavit, along with the $2500 a month she receives in temporary alimony, she has a monthly deficit of $930.
The court did recognize in its final judgment that the “principal consideration” in this case was the Former Husband’s ability to pay. Again, however, the court did not specify an amount for the Former Husband’s income. Rather, the court referred to the Former Husband’s financial affidavit and observed that he “claims” a monthly deficit, although the court did not specify the amount of that deficit.[3] The judgment also notes that the Former Husband’s $550 per month obligation to pay the Former Wife’s health insurance “has, or will soon, terminate,” suggesting that such amount was not factored into the Former Husband’s monthly deficit. Without making any further findings, the trial court imposed on the Former Husband a monthly obligation of $1800 in permanent periodic alimony.
*3 “A trial court’s award of alimony is reviewed under an abuse of discretion standard.” Vollmer v. Vollmer, 33 So.3d 67, 69 (Fla. 2d DCA 2010). Furthermore, “ ‘[t]o support its alimony determination, the trial court must include specific findings of fact in the final judgment.’ ” Crick v. Crick, 78 So.3d 696, 698 (Fla. 2d DCA 2012) (quoting Austin v. Austin, 12 So.3d 314, 317 (Fla. 2d DCA 2009)); see also Winney v. Winney, 979 So.2d 396, 400 (Fla. 1st DCA 2008) (“A trial court’s failure to make adequate factual findings in a final judgment of dissolution of marriage is typically reversible error because, in most circumstances, this failure precludes meaningful appellate review.”).
Here, based on the findings included in the instant record, we cannot perform an adequate appellate review to determine whether the parties’ incomes and expenses are properly calculated or whether the awards based on those calculations are correct.
We do note, however, that the CPA’s cash flow analysis, which was admitted into evidence, designates the Former Husband’s “cash flow available for personal lifestyle (incl. mortgage re: tax and ins. on residences)” as $7467 per month. The Former Husband’s financial affidavit notes that the two residential mortgage obligations he must pay pursuant to the equitable distribution total $3831 per month. After paying the court ordered $1800 a month in periodic alimony and these mortgage obligations, the Former Husband is left with approximately $1800 a month for his total living expenses. These observations raise the question of whether the Former Husband does, in fact, have the ability to pay $1800 a month in court-ordered permanent periodic alimony. See Crick, 78 So.3d at 698 (“When determining whether a trial court abused its discretion in awarding alimony, this court considers whether the award exceeds or nearly exhausts a party’s income and is therefore not supported by competent, substantial evidence.” (internal quotation marks omitted)). But due to the trial court’s lack of findings on the record, we cannot make such a determination at this time.
Accordingly, we reverse and remand for the trial court to make the necessary findings of fact that will enable us to give an appropriate appellate review to the issue of the Former Husband’s ability to pay the amount ordered.
Reversed and remanded.
SILBERMAN and SLEET, JJ., Concur.

. Because the trial court previously had entered a partial final judgment dissolving the parties' marriage and setting forth the equitable distribution, the court likewise styled the instant order as a partial final judgment. However, the instant order disposes of any remaining issues between the parties, and as such, we review it as a final order pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A).

. This has not been paid, nor has there been established any plan by which the Former Husband is to pay this amount.

. The Former Husband's financial affidavit shows that deficit to be $8001.