NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LARRY J. RUTAN,           )
                          )
          Appellant,      )
                          )
v.                        )          Case No.  2D14-4456
                          )
VIRGINIA J. RUTAN,        )
                          )
          Appellee.       )
                          )
_____ )

Opinion filed September 11, 2015.

Appeal from the Circuit Court for Pinellas
County; Peter Ramsberger, Judge.

Matthew R. McLain of Brownstone, P.A.,
Winter Park, for Appellant.

Jane H. Grossman, St. Petersburg, for
Appellee.

WALLACE, Judge.

On a prior appeal by Larry J. Rutan (the Former Husband), this court

reversed a partial final judgment of alimony and remanded the case to the trial court to

make the necessary findings that would allow appellate review of the issue of the

Former Husband's ability to pay an award of permanent periodic alimony of $1800 per

month to Virginia J. Rutan (the Former Wife).  Rutan v. Rutan, 142 So. 3d 1 (Fla. 2d

DCA 2014).  On remand, the trial court entered an amended partial final judgment of

alimony that reinstated the $1800 per month alimony award. Once again, the Former Husband challenges that award. As he did before, the Former Husband argues that the trial court failed to make sufficient findings about his ability to pay. Once again, because the trial court failed to make sufficient findings to afford meaningful appellate review by this court, we reverse.

The pertinent facts were stated in this court's prior opinion, and we need not detail them again here. It is sufficient to note that the trial court's equitable distribution of the parties' assets assigned the income-producing properties—along with the accompanying liabilities—to the Former Husband. These income-producing properties included a triplex in Pinellas County, a residential rental property in Pasco County, and two movie theaters located in Zephyrhills. One of the two movie theaters featured ten screens; the other movie theater had two screens. The trial court awarded the marital residence to the Former Wife and ordered the Former Husband to pay the mortgage debt on that property.

As in the Former Husband's prior appeal, the problem here is the failure of the trial court to make the necessary findings about the Former Husband's income. In light of the nature of the Former Husband's business enterprises and the proof presented at trial, we can appreciate that determining the amount of the Former Husband's income would be a difficult task. Indeed, the trial court stated candidly on remand that it "does not know what the Former Husband's actual income is nor is it convinced that it is as stated on his most recent financial affidavit." Nevertheless, the trial court reinstated the $1800 per month award of permanent periodic alimony in favor of the Former Wife. Notably, the trial court did not find that the Former Wife failed to

meet her burden of proving the Former Husband's ability to pay.  See Esaw v. Esaw, 965 So. 2d 1261, 1266 (Fla. 2d DCA 2007) ("[A] 'litigant requesting . . . alimony has the burden of proof on that issue.' " (quoting Walter v. Walter, 442 So. 2d 257, 259 (Fla. 5th DCA 1983))); see also Gilliard v. Gilliard, 162 So. 3d 1147, 1153 (Fla. 5th DCA 2015) ("The burden to show his or her financial need and the spouse's ability to pay is on the party requesting alimony.").

In the partial final judgment entered on remand that reinstated the $1800 per month alimony award, the trial court offered three justifications in support of its finding that the Former Husband had the ability to pay the award.  First, the trial court noted the well-known ability of "self-employed spouses, in contrast to salaried employees, . . . to control and regulate their income."  Ugarte v. Ugarte, 608 So. 2d 838, 840 (Fla. 3d DCA 1992).  Second, the trial court placed substantial weight on a financial transaction affecting the ten-screen theater that the Former Husband undertook while the case was pending.  While asserting that he lacked the ability to pay alimony, the Former Husband incurred a debt exceeding $500,000 with a monthly debt service of approximately $8000 to upgrade the ten-screen theater with digital cinema projection equipment.[1]  Finally, the trial court pointed to the Former Husband's apparent ability to meet his substantial obligations to the Former Wife for temporary alimony and the payment of her health insurance premiums while the case was pending.

---

[1]In response, the Former Husband observes that this liability is an obligation of the theater business.  Furthermore, he was required to raise both ticket and concession prices at the ten-screen theater to generate the additional revenue necessary to service the loan.

- 3 -

We appreciate the trial court's candor concerning the difficulty of assessing the Former Husband's ability to pay alimony. We are confident that the trial court made a conscientious effort to comply with this court's mandate. We agree that the three factors referenced by the trial court would support an inference that the Former Husband's income is greater than the amount that he claimed in his most recent financial affidavit. Nevertheless, the three factors upon which the trial court relied in support of its reinstatement of the $1800 per month alimony award do not constitute a satisfactory substitute for specific findings concerning the actual amount of the Former Husband's income that would justify the amount of the alimony award. See Child v. Child, 34 So. 3d 159, 161 (Fla. 3d DCA 2010); Ponce v. Ponce, 997 So. 2d 1120, 1122-23 (Fla. 3d DCA 2008); Narcis v. Narcis, 707 So. 2d 936, 937 (Fla. 3d DCA 1998). Accordingly, once again, we reverse and remand for the trial court to make the necessary findings of fact that will enable us to give an appropriate appellate review to the issue of the Former Husband's ability to pay the amount awarded.

Reversed and remanded.


CASANUEVA and KHOUZAM, JJ., Concur.

- 4 -