PER CURIAM.
Murry Goldman (“Husband”) appeals and Marie Wagner Goldman (“Wife”) cross-appeals the final judgment of dissolution of marriage entered following a non-jury trial. The parties raise several issues. We affirm on all but two of the issues.
First, the trial court erred in’failing to designate whether Wife’s checking account and certificate of deposit (“CD”) with Bank of America (“BOA”) were.marital or nonmarital property. Both accounts were in Wife’s name. Wife argued below that, these assets were her nonmarital property, while Husband argued they were marital property.[1] In its final judgment, the court stated that “[e]ach party shall be entitled to the sole and exclusive use and possession of the checking/savings, money market, CD and cash accounts in their respective names.”
“Under the equitable distribution statute, the court must categorize the parties’ assets as nonmarital and marital.” Knecht v. Knecht, 629 So.2d 883, 886 (Fla. 3d DCA 1993) (citing § 61.075(1), Fla. Stat. (1991); Robertson v. Robertson, 593 So.2d 491, 493 (Fla.1991)). Because the record is not clear whether the trial- court determined that these two BOA accounts were Wife’s nonmarital property, or instead, made an unequal distribution of marital assets, we reverse and remand for the court to provide clarification. Dease v. Dease, 688 So.2d 454, 455 (Fla. 5th DCA 1997) (reversing the lower court’s designation that parties would receive “the property in [their] possession and control” when “[t]he property was neither itemized nor valued nor is there any indication that the property is marital or separate” (alteration in original)). We remind the court that if it determines either or both accounts are marital assets and thereafter makes an unequal distribution of the assets, it “must specifically address the facts pertinent to each statutory consideration to support its decision to distribute the marital assets in ' an unbalanced manner— ” Feger v. Feger, 850 So.2d 611, 615 (Fla. 2d DCA 2003) (emphasis added).
Second, the trial' court ordered Husband to maintain a life insurance policy on his life as security for the payment of his fifteen-year durational alimony obligation to "Wife. Section 61.08(3), Florida Statutes (2013), authorizes a trial court to order the obligated spouse to maintain a life insurance policy as security for an alimony award. However, even when appropriate circumstances' exist to justify ordering one spouse to maintain life insurance, the requirement to obtain a life insurance policy “may not stand absent evidence or findings as- to the cost, amount, or the availability of- such insurance.” Child v. Child, 34 So.3d 159, 162 (Fla. 3d DCA 2010) (citing Massam v. Massam, 993 So.2d 1022, 1022 (Fla. 2d DCA 2008)). Here,, because the trial court failed to make, these findings, we reverse and remand for the trial court, to make the necessary findings and to then determine whether it remains appropriate,, based on these findings, for Husband to maintain the life insurance policy previously ordered.
On remand, the trial court, in its discretion, may receive additional evidence as necessary on either issue.
*724 AFFIRMED in part; REVERSED in part; and REMANDED.
SAWAYA, TOREY, and LAMBERT, JJ., concur.

. The parties have not challenged the distri-button of their other assets'or liabilities.