# Third District Court of Appeal

## State of Florida

Opinion filed March 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1277
Lower Tribunal No. 20-20725
_____

**Sergio Alvarez,**
Appellant,

vs.

**Mariela Stochetti,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David Young, Judge.

Buckner, Shifrin, Etter, Dugan & Bradfute, P.A., and Emily M. Bradfute, for appellant.

Crabtree & Auslander, and John G. Crabtree, Charles M. Auslander, and Brian C. Tackenberg, for appellee.

Before LOGUE, C.J., and EMAS and MILLER, JJ.

LOGUE, C.J.

Sergio Alvarez ("husband") appeals the trial court's final judgment

dissolving his marriage to Mariela Stochetti ("wife"). Based on the following, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## BACKGROUND

In December 2020, the husband filed a petition seeking to dissolve his nine-year marriage to his wife, with whom he shares two minor children. The wife filed an answer and a counter-petition. The parties proceeded to a three-day final hearing in April 2023, during which the husband represented himself. The trial court ultimately entered the final judgment under review. Pertinent to this appeal, the judgment awards child support based on a 70/30 timesharing schedule; (2) requires the husband to maintain life insurance to secure the child support award; and (3) does not list a certain promissory note related to the husband's employment signing bonus as a marital liability. The husband timely appealed.

## ANALYSIS

### I. Child Support Award

The husband first contends the trial court incorrectly calculated the child support award to the wife. The trial court's final judgment states that child support was calculated based on the "70/30 timesharing schedule reflected in the parties' Parenting Plan." As the husband correctly notes,

2

however, the parties' Parenting Plan does not reflect a 70/30 timesharing schedule. Under the Parenting Plan, every two weeks, the husband receives five overnight stays while the wife receives nine overnight stays. These figures suggest a timesharing ratio more in line with 65/35 rather than the 70/30 reflected in the final judgment. We therefore reverse the child support award in the final judgment and remand with directions for the trial court to recalculate child support based on the parties' timesharing schedule set forth in the parties' Parenting Plan. We take no position as to the exact number of overnight stays each party was awarded yearly but when calculating these figures, the trial court is required to consider all overnight stays, including holidays and the children's summer schedule.

## II.  Life Insurance to Secure Child Support Award

The husband acknowledges a trial court has the authority to order a party to maintain life insurance to secure a child support award but asserts the provision in the final judgment must be reversed because the trial court failed to make required evidentiary findings to support such an award. We agree.

Section 61.13(1)(c), Florida Statutes, provides, "To the extent necessary to protect an award of child support, the court may order the obligor to purchase or maintain a life insurance policy . . . ." As section

3

61.13(1)(c) "indicates, the circumstances must suggest a necessity for such protection, and therefore the trial court should make appropriate findings regarding the necessity [for] insurance protection." Gross v. Zimmerman, 197 So. 3d 1248, 1254 (Fla. 4th DCA 2016) (quoting Guerin v. DiRoma, 819 So. 2d 968, 970 (Fla. 4th DCA 2002)). If a trial court orders a party to maintain a life insurance policy to protect an award of child support, "the trial court should consider the need for such insurance, the cost and availability of such insurance, and the financial impact upon the obligor." Child v. Child, 34 So. 3d 159, 162 (Fla. 3d DCA 2010) (quoting Plichta v. Plichta, 899 So. 2d 1283, 1287 (Fla. 2d DCA 2005)). Further, "[a]bsent special circumstances, . . . the trial court may not impose such requirement." Child, 34 So. 3d at 162.

This Court has recognized that "[s]uch special circumstances include a spouse potentially left in dire financial straits after the death of the obligor spouse due to . . . ill health and/or lack of employment skills[,] . . . minors living at home, [and] supported spouse with limited earning capacity. . . ." Id. (quoting Kotlarz v. Kotlarz, 21 So. 3d 892, 893 (Fla. 1st DCA 2009)).[1] Finally, to impose such a requirement upon the husband, the trial court was required

---

[1] Kotlarz also named additional special circumstances—age, obligor spouse being in poor health, obligor spouse in arrears on support obligations, and when the obligor spouse agreed on the record to maintain life insurance to secure child support. Kotlarz, 21 So. 3d at 893.

to make specific findings in the final judgment. See Melo v. Melo, 864 So. 2d 1268, 1269 (Fla. 3d DCA 2004) (holding that, in dissolution of marriage action, the trial "court erred by requiring the appellant to maintain life insurance without first making findings as to the existence of special circumstances").

Here, the trial court failed to make findings in the final judgment or at the final hearing relating to requiring life insurance to secure the child support award. As such, we reverse the portion of the final judgment as to life insurance and remand for reconsideration. Following reconsideration, if the trial court determines life insurance is "necessary to protect an award of child support," the trial court may order the husband to procure and maintain life insurance but must also set forth appropriate findings. We take no position whether life insurance is necessary to protect the award of child support to the wife.

### III.    Morgan Stanley Promissory Note and Bonus Agreement

The husband finally contends the trial court erred in failing to characterize a certain promissory note as a marital liability and failing to assign half of the liability to each party. We "review de novo a trial court's legal conclusion that an asset is marital or non-marital." Rivera v. Rivera, 48 Fla. L. Weekly D1505, *2 (Fla. 3d DCA Aug. 2, 2023). See also McHugh v.

5

McHugh, 397 So. 3d 1179, 1181 (Fla. 5th DCA 2024) ("A trial court's characterization of an asset [or liability] as marital or nonmarital is reviewed de novo and any factual findings necessary to make this legal conclusion are reviewed for competent, substantial evidence.").

During the marriage, the husband became employed as a financial advisor with Morgan Stanley Smith Barney, LLC. As explained by the wife's expert and reflected in the contracts entered into the trial record, when commencing employment, the husband was given a substantial signing bonus deposited into a brokerage account in his name. In return, he signed a promissory note committing to pay back the bonus in nine annual payments at certain set amounts. Under the promissory note, if he left the firm voluntarily or involuntarily during the years the payments were due, all amounts outstanding under the note would become owing. As part of this arrangement, the husband also entered into a bonus agreement where Morgan Stanley contracted to pay annual bonuses to him a few weeks after each annual payment on the note. These payments were larger than the payments due under the promissory agreement. These payments represented the only taxable income in the arrangement. This method of structuring the signing bonus thus allowed the husband to receive a large payment upfront and to defer taxes on that payment. Of course, it also

provided a serious incentive for the husband to remain at the firm.

At the time of the April 2023 final hearing, the husband continued to work at Morgan Stanley as a Financial Advisor. Most of the upfront bonus payment was spent during the parties' marriage but $93,000 remained in the husband's brokerage account.

The trial court classified the remaining funds as part of the marital assets. It classified the promissory note as "a contingent debt" but assigned no value to it.  It also did not list the future payments under the bonus contract as marital assets.

Under the existing circumstances, while the husband remains employed at Morgan Stanley, any required payments by the husband to Morgan Stanley are almost immediately reimbursed by larger payments by Morgan Stanley to the husband. The trial court correctly determined that the liability to make future payments could not be separated from the related asset of the future income stream to reimburse the payments. The trial court's treatment is in accord with how these types of promissory-note-bonus contract arrangements have been treated by other courts. See Warwick v. Warwick, No. E2009-00635-COA-R3-CV, 2010 WL 323059 (Tenn. Ct. App. Jan. 28, 2010); Rand v. Rand, 366 P.3d 1085 (Haw. Ct. App. 2016). We find no error in the trial court's classification of the promissory note in these

circumstances.

## **CONCLUSION**

Based on the above analysis, we (1) reverse the portion of the final judgment awarding child support to the wife and remand for a recalculation as stated in this opinion; (2) reverse the portion of the final judgment requiring the husband to maintain life insurance to secure the child support award and remand for reconsideration as set forth in this opinion and for written findings; and (3) affirm the equitable distribution of the parties' marital assets and liabilities.

Affirmed in part; reversed in part and remanded with directions.